(No. 26168.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ORA HIMSTEDT, Plaintiff in Error.

*Opinion filed Sept. 15, 1941—Rehearing denied November 12, 1941.*

J. W. TEMPLEMAN, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and IVAN J. HUTCHENS, State's Attorney, (JOSEPH L. ROSENBERG, of counsel,) for the People.

Mr. CHIEF JUSTICE MURPHY delivered the opinion of the court:

A grand jury in the circuit court of Macon county returned an indictment against Ora Himstedt charging him in separate counts with burglary, grand larceny and receiving stolen property. On a trial by jury he was found guilty of grand larceny. After overruling a motion for a new trial and a motion in arrest of judgment, he was sentenced to the Illinois State Penitentiary for the indeterminate period fixed by statute for such offense. A writ of error has been sued out of this court to review the record.

The property stolen consisted of a tool chest and various carpenter tools which belonged to Bert Barber and John N. Parr. On the evening of April 22, 1940, they placed these tools in a locked building located on the premises where they were employed. When they returned to work the following morning the lock had been broken and the tools and chest removed. Two days later police officers of Decatur located a part of the tools in a second-hand store. After ascertaining who had sold the tools to the second-hand dealer, the officers went to the defendant's home where they found him using some of the tools. With his consent, the officers searched his house, coal shed and

back porch but nothing was found therein. They asked permission to enter and search a shed located near the house. At first defendant refused to admit them, claiming he had lost the key, but when the officers suggested the use of a search warrant, he broke the lock and consented to a search of the building. The remainder of the tools and the chest was found in this building.

In a conversation held about the time of the finding of the tools in the shed, defendant told the officers he had purchased them from one John Simpson, who he said lived in Bloomington. On the trial, defendant denied the theft or any knowledge that the tools were stolen and rested his defense on the claim of a purchase from Simpson. Defendant gave a description of Simpson, the automobile he was driving and said he met Simpson on the evening of April 25 at a tavern in Decatur, that he had a conversation with Simpson and purchased the tools. He stated that he had no previous acquaintance with Simpson but had, on a prior occasion, observed him about the tavern. He said a man and woman, strangers to him, were with Simpson at the tavern. Defendant testified to his endeavors to locate Simpson and told of two trips he made to Bloomington for that purpose. He stated that Simpson delivered the tools to his home and that when he came to his house, Mrs. Jeannette O'Connor was sitting in an automobile parked in defendant's driveway. Mrs. O'Connor testified and corroborated defendant's evidence as to Simpson's delivery of the tools, the placing of them on defendant's porch and his immediate departure. On rebuttal, defendant's former conviction of forgery was proved.

The errors relied upon for reversal are in reference to the giving of a certain instruction on behalf of the People and the rejection of evidence offered by defendant. The instruction complained of is as follows:

"The Court instructs the Jury, as a matter of law, that the recent and unexplained possession of stolen property

soon after the theft was committed tends to establish the guilt, as to larceny, of the person in whose possession it was found. That fact, of itself, if you believe from the evidence beyond a reasonable doubt is a fact, is sufficient to authorize a conviction of larceny, unless the inference of guilt thereby raised is overcome by other facts and circumstances in evidence which create in the minds of the jury a reasonable doubt of such guilt."

An instruction identical to this was given and conviction sustained in *People* v. *Powloski*, 311 Ill. 284, which case is relied upon by the People. The facts in the *Powloski case* and this one are distinguishable on a point that made it proper to give the instruction in the former case while under the facts here it constitutes reversible error. In the *Powloski case*, the defendant did not testify, and there was no evidence explaining his recent possession of the stolen property. In this case, the sole defense was an explanation of how defendant happened to have possession of the stolen property so soon after it had been taken. The given instruction ignores such defense and assumes defendant's possession was not explained.

The rule is that recent, exclusive and unexplained possession of stolen property soon after the theft is sufficient to authorize a conviction. This is on the principle that such possession gives rise to a presumption of guilt. Where, however, a defendant offers evidence in explanation of his possession it is for the jury to say whether such explanation is true or false and whether it is sufficient to overcome such presumption of guilt. (*Miller* v. *People*, 229 Ill. 376.) Other cases, with like facts, where the same or similar instructions were held to be prejudicial error, are *People* v. *Lawson*, 351 Ill. 457, and *People* v. *Lehner*, 326 id. 216. The giving of the instruction was prejudicial error.

The error assigned on the rejection of evidence relates to an offer of the defendant to prove the conversation he

502

had with John Simpson in the tavern when he purchased the tools. The court permitted defendant to testify to the ultimate fact that he purchased the tools from John Simpson but held the conversation between defendant and Simpson was not admissible. Any conversation between them as a buyer and seller relating to the terms of offer and acceptance would be immaterial. Plaintiff in error claims the conversation was admissible as a part of the *res gestae* and relies on what was said in *People* v. *Mulvaney,* 286 Ill. 114. The facts, and the offer of testimony refused in the *Mulvaney case,* differ substantially from that offered in the present case. The *Mulvaney case* is not controlling on this point. What was said by the defendant and Simpson in the consummation of the sale of the tools was immaterial. Under the offer of proof and circumstances shown it would have been a mere self-serving declaration. There was no error in the court's ruling in this regard.

For the reasons assigned, the judgment of the circuit court is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*