(No. 26793.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ELMER KREISLER *et al.*, Plaintiffs in Error.

*Opinion filed November 17, 1942—Rehearing denied Jan. 14, 1943.*

KARNS & BANDY, and QUINTEN SPIVEY, for plaintiffs in error.

GEORGE F. BARRETT, Attorney General, and ROBERT G. BURNSIDE, State's Attorney, (J. RICHARD ROYAL, of counsel,) for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

Elmer Kreisler, Frank Leach and Chester A. Rosson, also known as Jack Rosson, were indicted in the circuit court of Fayette county for the crimes of burglary and grand larceny. The indictment consists of three counts. Of these, the first charges the forcible breaking and entry of a store building of Leman Philbrook and Julius Voelker, partners, doing business as Philbrook and Voelker, with intent to steal property of the partnership. The second count, in addition to charging the forcible breaking and entry of the building, alleges the theft of merchandise belonging to Philbrook and Voelker, having an aggregate value of $3232.50. The third count charges the larceny of the merchandise enumerated in the second count. Defendants were tried jointly, no one of them having made a motion for a separate trial. A jury found defendants guilty of burglary and larceny, as charged, and they were sentenced to imprisonment in the penitentiary for the indeterminate statutory terms for these offenses. The trial judge made an advisory recommendation as to defendants Kreisler and Leach that the minimum and maximum terms on the burglary charge be not less than fifteen and not more than twenty-five years, respectively, and as to defendant Rosson, five and fifteen years, and, on the larceny charge, as to all defendants, five and ten years, respectively, the sentences to run consecutively. Kreisler and Leach prosecute this writ of error.

Leman Philbrook and Julius Voelker, doing business under the firm name of Philbrook and Voelker, operated a men's clothing and shoe store in the village of St. Elmo in a building owned by Philbrook and his wife, and paid rent from the partnership funds. The partnership owned the stock of goods and the fixtures. The building was burglarized between Saturday evening, November 29, and Monday morning, December 1, 1941. Among the items of merchandise stolen were suits, trousers, overcoats, fingertip coats, leather jackets and neckties, having an approximate retail value of $5000, the purchase price being about $3200. Thursday, December 4, the sheriff and the State's Attorney of Fayette county, Philbrook, and two policemen of East St. Louis, went to Kreisler's place of business, a tavern in East St. Louis. In a small brick building situated at the rear of the tavern they found a considerable part of the merchandise stolen, including 81 pairs of trousers, 15 leather jackets, 5 suits, and 3 or 4 topcoats. Philbrook and Voelker labels were still on the merchandise and the suits were on hangers bearing their tags. Kreisler was arrested and taken to the police station where, according to Philbrook and the sheriff, he stated that he obtained the merchandise from a man named Leach and another named Jack, whose last name he did not know. Upon objection by Leach and Rosson, this statement was limited in its application to Kreisler. The officers testified that Kreisler asked for a telephone directory, obtained Leach's address therefrom and gave it to them. The same evening, Philbrook and the officers went to the residence of Frank Leach in East St. Louis where they found a leather jacket and two topcoats identified as being part of the merchandise taken from the store.

A statement of Rosson, admitted in evidence as People's exhibit 1, confessing his participation in the burglary, says that he left Kreisler's premises in East St. Louis on Sunday, November 30, drove Leach's car to St. Elmo, burglar-

ized the store of Philbrook and Voelker and carried the merchandise stolen back to East St. Louis and delivered the goods to Kreisler. The statement was admitted in evidence as against Rosson only, and the court immediately admonished the jury that it should not be considered against either of the other two defendants. Later, the jury was instructed to the same effect.

Kreisler explained his possession of the articles of clothing stolen from the store at St. Elmo by stating that he purchased the goods from two men named Jack and Frank who came into his tavern about 10:00 o'clock on Sunday evening, November 30, and inquired if he desired to buy some bankrupt stock which had been purchased at auction; that he examined the clothes, thought they were cheap at the price offered, and paid $325 in cash for them. Kreisler stated that the men from whom he purchased the stock of goods were not, however, Leach and Rosson, but "some other Frank and some other Jack," and denied saying at any time that he bought the merchandise from Leach, saying merely that he purchased the property from Frank and Jack. He testified further that he sold Leach a coat or jacket, and, for this reason examined a directory to find Leach's address. Kreisler disclaimed knowledge of the fact that the articles were stolen, adding that, on other occasions, he had taken in pawn articles such as rings and watches and that sometimes he purchased them. Leach denied participation in the burglary. He had been acquainted with Kreisler five or six years and frequently repaired to his tavern where he cashed checks. Leach testified that he bought a leather jacket and an overcoat from Kreisler on Thursday, December 4, "right before the policemen came to my house." He proffered no explanation of the second coat found in his possession. Leach had no definite recollection of his whereabouts on Sunday, November 30, but thought that he went hunting with his father

and a neighbor, and drove his own car. He was acquainted with Rosson and stated that he and Rosson went hunting together on the previous Sunday.

To obtain a reversal, defendants insist that there is a fatal variance between the burglary counts of the indictment and the proof. As recounted, the building burglarized was owned by Philbrook but the stock of goods and the fixtures in it were owned by the partnership of Philbrook and Voelker. The *gravamen* of the offense of burglary, as defined by the Criminal Code, is the intent with which the entry of the building was made. (*People* v. *Weiss,* 367 Ill. 580.) In burglary, the ownership of the building entered may be laid in the occupant whose possession is rightful as against the burglar. (*People* v. *Callahan,* 324 Ill. 101; *People* v. *McCabe,* 306 id. 183; *People* v. *Fitzgerald,* 297 id. 264; *Flanagan* v. *People,* 214 id. 170; *Smith* v. *People,* 115 id. 17.) Philbrook and Voelker were in possession of the men's clothing store burglarized and, as partners, they were the owners of the property stolen. Their special ownership or interest in the property burglarized was sufficient to prove ownership as against defendants. The contention that the variance between the indictment and the proof was fatal, it follows necessarily, cannot be sustained.

Complaint is made that the trial court erred in admitting in evidence the confession of Rosson, the codefendant. This confession was read to the jury over the objection of defendants Kreisler and Leach, neither of whom was present when it was made. The State's Attorney offered the confession for the limited purpose of having it apply to Rosson, the court admonished the jury as to its limited application and, at the conclusion of the trial, instructed the jury that the statement made by Rosson should not be considered in determining the guilt or innocence of Kreisler and Leach. Neither of the defendants last named sought

a severance. They are, consequently, in no position to complain. A defendant who has not made a motion for a separate trial cannot object to the admission in evidence of a confession of a codefendant, where the evidence is, as here, by proper instruction limited to the codefendant making the confession. *People* v. *Cain,* 365 Ill. 494; *People* v. *Swift,* 319 id. 359.

The third contention which requires consideration is that the evidence is insufficient to sustain the conviction on the larceny count. Recent, exclusive, and unexplained possession of stolen property shortly after a theft is sufficient to sustain a conviction on the principle that possession gives rise to a presumption of guilt. (*People* v. *Himstedt,* 377 Ill. 498; *People* v. *Hein,* 315 id. 76; *Magee* v. *People,* 139 id. 138.) Where an accused offers evidence in explanation of his possession it is for the jury to determine not only whether the explanation made is true or false but also whether it is sufficient to rebut the presumption of guilt. (*People* v. *Himstedt, supra; Miller* v. *People,* 229 Ill. 376.) The explanation advanced by Kreisler is that on the evening subsequent to the robbery he purchased for $325 a large quantity of men's clothing, having a retail value of about $5000, from two men whom he had not seen before and with whom he had never transacted business; that he knew the vendors only by the names of Frank and Jack, and that they were not Frank Leach and Jack Rosson. The purchase, from men known only by the names of Frank and Jack, of practically an entire stock of goods valued at $5000 for $325 is not compatible with innocence or good faith. On the other hand, the testimony of the People is to the effect that Kreisler, when apprehended, explained his possession of the stolen goods by saying he had purchased the merchandise from Frank Leach and proceeded to locate his name and address in a telephone directory. Defendant Leach's explanation is that he bought a leather

jacket and coat from Kreisler immediately prior to the visit of the policemen to his house. He did not give a convincing explanation of his whereabouts on the day of the burglary and larceny. Furthermore, we observe that although two stolen coats were found in his possession he testified to the purchase of only one. We cannot say that the verdict of the jury finding Kreisler and Leach guilty of larceny was manifestly contrary to the evidence.

Finally, defendants assail the sentences to imprisonment carrying advisory recommendations of minimum and maximum terms pursuant to sections 2, 3 and 3a of an act to revise the law in relation to the sentencing and commitment of persons convicted of crime, as amended in 1941. (Ill. Rev. Stat. 1941, chap. 38, par. 801, *et seq.*) Their contention is that these sections, as amended, violate section 13 of article IV of our constitution. In *People* v. *Montana,* 380 Ill. 596, filed September 25, 1942, we held that the amendments sought to be made to sections 2, 3, 7 and 7a, and section 3a added to the act, were unconstitutional and void for other reasons, and that the Sentence and Parole act as it existed prior to the amendments of 1941 affords the sole guide to be followed in sentencing prisoners convicted of crime. It therefore becomes unnecessary to decide the constitutional issue made by defendants, but, having challenged the constitutional validity of the statute, as amended, they are entitled to proper sentences.

The judgment of the circuit court of Fayette county is reversed and the cause is remanded, with directions to enter proper sentences as to defendants Kreisler and Leach.

*Reversed and remanded, with directions.*