BRADLEY v. STATE OF INDIANA

[No. 30,381. Filed January 15, 1964.]

Don R. Money, Money, Orr, Bridwell & Fink, of Indianapolis, for appellant.

Edwin K. Steers, Attorney General, and Edgar S. Husted, Deputy Attorney General, for appellee.

LANDIS, C. J.—Appellant was charged with second degree burglary and after a trial by the court was convicted and sentenced to the Indiana State Prison for a term of two to five years.

Appellant filed motion for new trial contending the decision was contrary to law and not sustained by sufficient evidence.

The evidence favorable to appellee was in substance, as follows:

Two police officers and the owner of a store (Rap's Jewelry and Loan Company) located at 326 Indiana Avenue, Indianapolis, Indiana, were called to the premises shortly after midnight, May 19, 1962, in response to a burglar alarm. They noticed the large front window was broken and the owner stated it

was not broken the evening before when he closed the store. The two investigating officers quickly found appellant standing across the street at the rear of 327 Indiana Avenue, next to a broken display case of knives. The store owner identified the broken case as one from his store. He also identified a straight razor taken from appellant's pocket as being like those he sold in the store. The store was owned and operated by Harold Rappaport and his father as a partnership.

Appellant contends the evidence was insufficient as there was no evidence of a "breaking or entering," nor any evidence that anyone saw appellant break into or enter the premises known as 326 Indiana Avenue, citing *Link* v. *State* (1953), 232 Ind. 466, 113 N. E. 2d 43. That case, however, involved only an attempted burglary in which the appellant was arrested by the officers before he had completed breaking into the store in question. The Court there reversed the judgment of conviction, stating the term "breaking" used in the burglary statute requires such action of the defendant as would, without additional effort, have made an entry possible. In that case there was no "breaking," much less a *breaking and entering,* as required by clause (b) of the burglary statute.[1]

In the case before us the prosecution depended upon circumstantial evidence to establish the guilt of the accused. There are numerous Indiana cases sustaining burglary convictions upon circumstantial evidence. *Dennison* v. *State* (1952), 230 Ind. 353, 356, 103 N. E. 2d 443, 444; *White* v. *State* (1948);

---

1. "Whoever breaks and enters into any . . . building or structure other than a dwelling-house or place of human habitation, with the intent to commit a felony therein, shall be guilty of burglary in the second degree, . . . .". Burns' §10-701(b), (1956 Repl.), Acts 1941, ch. 148 §4, p. 447.

226 Ind. 309, 311, 79 N. E. 2d 771, 772; *Rucker* v. *State* (1948), 225 Ind. 636, 638, 77 N. E. 2d 355, 356; 2 Ewbanks Ind. Crim. Law, Symmes Ed., §821, p. 498. The White case, *supra,* specifically upheld such a conviction without direct evidence of breaking and entering by the accused. Decisions of this state have also held that unexplained, exclusive possession of recently stolen property constitutes a circumstance from which a court may draw an inference of guilt. *Green* v. *State* (1960), 241 Ind. 96, 99, 168 N. E. 2d 345, 346; *Brown* v. *State* (1958), 239 Ind. 184, 194, 154 N. E. 2d 720, 724; *Mims et al.* v. *State* (1957), 236 Ind. 439, 444, 140 N. E. 2d 878, 880.

In our judgment the evidence in this case that the large front window of the store was found broken shortly after midnight, in response to a burglar alarm, coupled with the discovery of appellant in the immediate vicinity standing next to a broken display case of knives and with a straight razor in his pocket, each item being identified as being the same as or like those sold in the store, and his possession of the same being unexplained was sufficient to sustain the jury's verdict of guilty.

Appellant next argues that the State failed to prove the ownership of the building at 326 Indiana Avenue, where the burglary was allegedly committed.

The State alleged in the affidavit that appellant broke and entered "the building and structure of Harold Roppaport [sic]." However, at the trial the State proved Rappaport was in rightful possession of the building and owned a business therein known as Rap's Jewelry and Loan Company without showing specifically that he held title to the building.

The crime of burglary is in reality an offense against the possession of property and not necessarily against the ownership thereof. As stated in 12 C. J. S., Burglary, §26, p. 685:

" . . . the specific ownership of a building involved . . . is not an essential element of the offense, and title, as far as the law of burglary is concerned, follows the possession, *and possession constitutes sufficient ownership as against the burglar. For the purposes of the offense the occupant of the premises is the owner,* so that the lessor of a house may be guilty of burglary in breaking and entering the house while it is occupied by the lessee." (Emphasis added.)

It will be noted that the statute defining second degree burglary states nothing specifically as to ownership, it being merely provided:

"(b) Whoever breaks or enters into . . . any building or structure other than a dwelling house or place of human habitation, with the intent to commit a felony . . . ," etc. Burns' §10-701 (1956 Repl.), Acts 1941, ch. 148, §4, p. 447.

The case of *Radley* v. *State* (1910), 174 Ind. 645, 92 N. E. 541, is very similar to the case before us. There the indictment charged burglarious entry into "the dwelling-house of William E. Janes." On appeal some question was raised as to whether Janes was the actual owner or only a tenant, and this Court stated at p. 648, of 174 Ind., and p. 542 of 92 N. E.:

" . . . It was sufficient, however, on the trial, in order to establish the charge in the indictment that the house was the dwelling-house of William E. Janes, *to show that the latter had the lawful possession thereof at the time the offense of burglary was committed. As against appellant, it was not essential to show what particular title he held to the premises in controversy. . . .* " (Emphasis added.)

The cases of *Lee* v. *State* (1938), 213 Ind. 352, 12 N. E. 2d 949, and *Goldstine* v. *State* (1952), 230 Ind. 343, 103 N. E. 2d 438, also involved similar affidavits to the one in the case at bar and in such cases affidavits were held sufficient which alleged respectively that the accuseds burglariously entered "the granary of one Chris Grewe" and "the grocery store of Roy Kellam."

It is true that in some of the cases pronouncements will be found as to the necessity in burglary cases of alleging and proving the ownership of the premises allegedly burglariously entered. However, no cases have been cited to the effect that only the interest of the landlord or owner of the fee is protected by the burglary statute and in fact a number of the cases referring to the ownership rule recognize that a possessory interest such as that of a tenant may be sufficient. See: *McCrillis* v. *The State* (1879), 69 Ind. 159; *Kennedy* v. *The State* (1882), 81 Ind. 379; *Stokes, alias Coleman* v. *State* (1957), 233 Ind. 300, 119 N. E. 2d 424; *Stearsman, Peak, Carter* v. *State* (1957), 237 Ind. 149, 143 N. E. 2d 81.

In this connection it is well established, for example, that a landlord (the owner of the property) can be guilty of burglarizing the premises of his tenant (the possessor of the property) by breaking and entering without the permission of the tenant. 12 C. J. S., Burglary, §26, p. 685, *supra; McCrillis* v. *The State* (1879), *supra,* 69 Ind. 159, 161; *The People* v. *Kreisler* (1943), 381 Ill. 453, 457, 45 N. E. 2d 653, 655.

In short, burglary is an offense against the possessory interest or rightful possession of the premises and the proof in this case that the jewelry and loan company premises burglarized were in the rightful possession of the tenant of the building and that the accused was not entitled to enter the same at

636

the time in question after midnight when it was closed, and the proof being sufficiently definite to protect the accused from a subsequent prosecution for the same offense, it follows the evidence sustains the finding and judgment of the court in this case.

The judgment is affirmed.

Achor, Arterburn and Myers, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 195 N. E. 2d 347.