WATHEN *v.* STATE OF INDIANA.

[No. 30,585. Filed October 26, 1964. Rehearing Denied March 1, 1965.]

*Don R. Money, Money, Orr, Bridwell & Fink,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *David S. Wedding,* Deputy Attorney General, for appellee.

*Francis A. Wathen, pro se,* on Petition for Rehearing.

ARTERBURN, J.—The appellant was charged and convicted by a jury of first degree burglary and was sentenced accordingly. He filed a motion for a new trial, which was overruled. This appeal is based upon the points that the verdict of the jury was not sustained by sufficient evidence and was contrary to law. The contention is specifically made by the appellant that there is no evidence or testimony that there was a "breaking in or entering" and there is no testimony "that anyone saw the defendant, Francis Wathen, break into or enter the premises." This requires a resumé of the evidence and the inferences to be drawn therefrom.

We start out with the recognized principle of appellate review that only the evidence most favorable to sustaining the conviction will be considered.

The evidence reveals that an officer testified that on the day of the alleged crime, in response to a burglar

alarm, he proceeded to 4701 Kessler Boulevard, East Drive, Indianapolis, Indiana. When he arrived at that place he saw the appellant on the porch of the house coming away from the door. The officer asked the appellant to stop but the appellant continued walking. When the officer finally stopped the appellant, he asked him to identify himself and the appellant hit the officer in the jaw. A struggle ensued, during which the appellant attempted to seize the officer's gun. The officer further testified that a pane of glass above the door knob was broken out of the door of the house and the door was open and unlocked. When the appellant was searched at the time of his arrest, a bottle of Scotch, two watches, about eight dollars in change, one silver dollar, two sets of keys and two rings were taken from his person. The owner of the house testified that at the time he was on a fishing trip in Wisconsin and that when he left, all doors were locked and no glass was broken. He identified the articles found on the appellant as belonging to him and left in the house. He further stated he did not know the appellant and never gave him any permission to enter the house. The owner's wife corroborated her husband's testimony. When an officer asked the appellant why he struck the other officer, the appellant answered: " . . . Sergeant Haine, you have known me for sixteen years as a burglar, and I got excited and didn't want to be caught." From these circumstantial facts we think any reasonable person would come to the conclusion that the appellant was guilty of breaking into this residence and burglarizing the place. Convictions may rest entirely upon circumstantial evidence such as we have here, including the unexplained, exclusive possession of recently stolen property. *Raymer* v. *State* (1964), 244 Ind. 644, 195 N. E. 2d 350; *Schweigel* v. *State* (1964), 245 Ind. 6, 195 N. E. 2d 848.

The situation here is very similar to the facts in the cases above, where police officers discovered the defendants on the property in possession of goods taken from a building on the property, which building revealed it had recently been broken into. See also: *Bradley* v. *State* (1964), 244 Ind. 630, 195 N. E. 2d 347.

We have the further fact here that the appellant attempted to escape and resisted the arresting officer. *Martin* v. *State* (1957), 236 Ind. 524, 141 N. E. 2d 107, *cert. denied,* 354 U. S. 927, 77 S. Ct. 1387, 1 L. Ed. 2d 1439.

What we have said here applies also to appellant's contention that a motion for a directed verdict should have been sustained.

The judgment of the trial court is affirmed.

Achor, C. J., and Myers and Landis, JJ., concur.

Jackson, J., concurs in result.

## ON PETITION FOR REHEARING

ARTERBURN, C. J.—The appellant has filed, pro se, a petition for rehearing in which he states that he filed in this Court "Appellant's Petition to Inform the Court", which we have thus far ignored. In this petition he attacks the actions of his attorney representing him in the trial court and on appeal. This attorney has seen fit to file a verified answer to the charges which impugn his motive and competency as an attorney. Although this appellant has no right in this informal way to present his contentions, since there is a proper method for doing so, nevertheless we feel obliged, in view of the charges against the attorney, that the same should be disposed of. In this fashion we may terminate this litigation without hearing the matter again through some belated motion for a new trial.

The appellant complains that his attorney did not raise certain alleged errors in the motion for a new

trial as a basis for an appeal. His attorney states that he raised only those errors which he felt were meritorious and would bear consideration as legal points on appeal. We are inclined to take the judgment of a lawyer admitted to the bar of this state over that of a layman as to what points should be raised on appeal.

He makes the complaint that the prosecuting attorney should have charged him under one statute instead of another statute. Obviously this is a matter within the discretion of the prosecuting attorney.

Appellant complains that the court, among other instructions given, should have given instructions as to what constituted *second* and *third* degree burglary. There was no evidence in the case under which any instructions could have been given under the lesser degrees of the offense of first degree burglary charged.

Appellant complains that his bond was set too high by the trial court. This obviously is now a moot question.

Appellant complains that one of the chief witnesses for the State was permitted to sit in the court room at the discretion of the court, while other witnesses were excluded. It is well settled this is a matter within the discretion of the trial judge.

Appellant complains that a police officer was permitted to testify with reference to a conversation that he had with appellant after he was arrested. We can see no error in such testimony.

Appellant complains that he had no opportunity to consult with counsel before he was arraigned and pleaded not guilty. His counsel denies this fact and states appellant informed him he desired to plead not guilty. Appellant does not show in what way he was harmed by the plea of *not guilty,* unless he desired to plead guilty, which he does not so state.

Appellant complains that the names of certain witnesses were given to his counsel to be called. His counsel states under oath that he interviewed these witnesses and found that they would not testify in regard to facts in support of appellant's defense, either because they were without knowledge of his character or reputation or because they knew of his prior criminal record.

Appellant complains in his "Petition to Inform the Court" that he desired to take the stand as a witness on his own behalf but counsel refused to permit him. His counsel under oath states that it was agreed by appellant at all times that he would not testify "because of his lengthy criminal record."

Appellant further complains that certain jurors should have been excused and that he asked that they be excused, but that his counsel refused to excuse them. His counsel under oath, in answer thereto, states that such charge is false and untrue; that there were three peremptory challenges remaining, and if appellant had wanted to excuse any juror, it could have been done without question.

Upon review of the "Petition to Inform the Court" by the appellant, we find that the same is substantially untrue as to facts therein stated, and we believe the affidavit of his attorney in answer thereto.

For the reasons stated, the petition for rehearing is denied.

Jackson, Myers, Landis and Achor, JJ., concur.

NOTE.—Reported in 201 N. E. 2d 692. Rehearing denied 204 N. E. 2d 526.