WILLIE JOE SPIVEY *v.* STATE OF INDIANA.

[No. 671S159. Filed October 22, 1971.]

*Hall Cochrane,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William D. Bucher,* Deputy Attorney General, for appellee.

HUNTER, J.—On October 22, 1970, the appellant, Willie Joe Spivey, was charged by indictment with the offense of second degree burglary. He was thereafter arrested on said charge March 9, 1971; on March 10, 1971, he waived arraignment and entered a plea of not guilty. Subsequently, on March 22, 1971, the defendant in person and by counsel waived his right to a jury trial. Thereafter trial was held March 25, 1971, before the Honorable John T. Davis, Judge, Marion Criminal Court Division One and he was found guilty as charged. Following the filing of the pre-commitment report he was ordered to serve an indeterminate sentence of two (2) to five (5) years at the Indiana Reformatory.

On April 13, 1971, the appellant filed his motion to correct errors which was overruled by the Court. On April 26, 1971, pauper counsel was appointed for this appeal and the appeal was initiated.

The indictment under which appellant was tried and convicted omitting caption and formal parts reads as follows:

"The Grand Jury for the County of Marion in the State of Indiana, upon their oath do present, that, WILLIE JOE SPIVEY on or about the 22nd day of October, A.D. 1970, at and in the County of Marion and in the State of Indiana, did there and then unlawfully, feloniously and burglariously break and enter into the building and structure of Charles W. Jones d/b/a Quick Quality Cleaners, then and there situate at 2229 North College Avenue, in the City of Indianapolis, County of Marion, State of Indiana, which said building and structure was not a place of human habitation, with the intent to commit a felony therein, to wit: to unlawfully, feloniously and knowingly obtain and exert unauthorized control over property of said Charles W. Jones d/b/a Quick Quality Cleaners, and to deprive the said Charles W. Jones d/b/a Quick Quality Cleaners permanently of the use and benefit of said property, then and there being . . . contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

The statute governing second degree burglary as found in IC 1971, 35-13-4-4 as found in Ind. Ann. Stat. § 10-701 (1956 Repl.) provides in part:

"Whoever breaks and enters into any . . . building or structure other than a dwelling-house or place of human habitation, with the intent to commit a felony therein, shall be guilty of burglary in the second degree, and upon conviction shall be imprisoned not less than two (2) years nor more than five (5) years and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period. . . ."

The appellant's motion to correct errors is as follows:

". . . The defendant says that the decision of the Court is contrary to the evidence.

That the decision of the Court is contrary to law.

Police Officer Amos testified that he went to defendant's apartment and had him sent to the hospital. No one saw the defendant enter the building occupied by Quick Quality Cleaners and defendant stated he never went inside and did see two men throw a brick through the window.

The identification of defendant by officers did not place the defendant in said building.

WHEREFORE the defendant sues and pray the Court that he be granted a new trial . . ."

The only issue presented by this appeal is the challenge to the sufficiency of the evidence to support the conviction. The appellant contends that the State has failed to meet its statutory duty to produce evidence of probative value of a direct or circumstantial nature to prove all of the elements of the crime charged against the appellant as set out in the indictment, to wit: (1) a breaking and entering by the appellant (2) of a structure (cleaning establishment) other than a dwelling house or place of human habitation, (3) coupled with the intent to commit a felony in such structure, to wit: theft of personal property from the cleaning establishment.

It seems to be the appellant's position that since there is no evidence, that is to say, eye-witness evidence that the appellant broke a window in the establishment and thereafter entered the same, that the State fails to establish the above two elements and therefore has failed to establish the element of intent to commit a felony. He apparently is contending that the evidence concerning said elements, all being circumstantial, is insufficient to establish a breaking and entering beyond a reasonable doubt.

In a review of this matter on appeal the Court's duty is to look to the evidence most favorable to the State to determine whether such evidence and reasonable inferences deducible therefrom are sufficient to establish each element of the crime of second degree burglary beyond a reasonable doubt.

A view of the record of the evidence most favorable to the findings of the trier of facts reveals the following:

On October 22, 1970, Officer Enochs of the Indiana State Police department answered a radio call to 2229 North College Avenue in Indianapolis. Upon arrival the officer found a window broken out of the dry cleaning establishment located at said address. The officer went to the rear of the establishment where he observed the defendant with an armload of clothing later identified by the owner as clothing taken from his business. The glass window had been broken. There was blood on the dry cleaning and plastic covers as well as on and around the window. The defendant, after being observed by the officer, dropped the clothing and ran away. Thereupon the officer called on his radio that a suspect had eluded him. The call was heard by Officer Amos who drove to the 2100 block of College Avenue. There he saw the defendant who matched the description of the suspect as he was running to the rear of an apartment building. Officer Amos pursued him to the second floor of the apartment building and apprehended the defendant (appellant). At the time, the defendant's right

forearm had been cut and was bleeding. He was taken immediately to the scene of the crime and was positively identified by Officer Enoch as the person he saw in the alley behind the establishment. The defendant was then arrested and taken to the hospital to treat his cuts. The owner of the dry-cleaning establishment testified that the building had been locked securely upon the closing for the day.

The defendant testified he did not break the window and that he thought he saw two brothers break the window. He also testified that he was not in the alley with the clothing in his possession and that he cut his arm when he staggered into a trash can. He also denied being arrested in an apartment building. However, he did admit to being in the area when the window was broken.

The record of the evidence, as above set forth, clearly demonstrates there was a breaking and entering of the cleaning establishment and that the building was other than a dwelling or place of human habitation. The evidence linking the defendant to all three of the elements hereinbefore set forth is (1) his presence in the alley behind the cleaning establishment carrying an arm load of blood splattered clothing, (2) his dropping the clothing and flight from the scene when Officer Enoch arrived and observed him, (3) the fact that there was fresh blood on and about the window of the cleaning establishment and that he had a bleeding wound on his arm when apprehended, (4) his continued flight as Officer Amos spotted him and gave chase before his apprehension in the apartment building and (5) finally his positive identification by Officer Enoch upon being returned to the scene.

We therefore are of the opinion that there was sufficient evidence of probative value and reasonable inferences deducible therefrom to prove all of the essential elements of the crime beyond a reasonable doubt. *Bradley* v. *State* (1964), 244 Ind. 630, 195 N. E. 2d 347. In *Bradley* there was a very similar set of circumstances involving a jewelry store. The

police answered a call. A large front window was broken and the owner stated it had not been broken the evening before as he closed the store. The investigating officers quickly found the defendant across the street at the rear of another address standing next to a broken display case of knives. The display case was identified by the owner as one from his store.

We agree with the appellee's assertion that it is implicit in the *Bradley* holding that such circumstances also suffice to show the intent required by the statute. Criminal intent within the contemplation of the second degree burglary statute may be established by proof of the actual voluntary commission of the act. *Coffer* v. *State* (1958), 239 Ind. 22, 154 N. E. 2d 371; *Bleiweiss* v. *State* (1918), 188 Ind. 184, 122 N. E. 577. In *Bleiweiss* this court stated that "intent may be inferred from circumstances that legitimately permit it. . . ." Thus in the case before us where the circumstantial evidence before the trier of the facts clearly warranted the finding of breaking and entering and the theft of clothing and obtaining and exercising control of said property by the defendant, he is presumed to have intended his voluntary act and *intent to commit a felony* is established under the statute. Such holding is also implicit in *Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558. In other words the intent to commit the felony is implied from facts proved which established the breaking and entering and the consequent theft of the property by the appellant.

For all of the foregoing reasons we are of the opinion that there is substantial evidence of probative value to prove each of the material elements of the crime beyond a reasonable doubt.

There are other issues attempted to be advanced for the first time by the defendant in his brief that were not specifically set out in his motion to correct errors before the trial court. Trial Rule 59 (G) provides in part:

"Issues which could be raised upon a motion to correct errors may be considered on appeal only when included in the motion to correct errors filed with the trial court."

Thus we hold that any such issues asserted to be errors not stated with specificity in motion to correct errors are deemed waived on appeal.

For the record, however, we hold that (1) an allegation that the state suppressed certain evidence is not substantiated by the transcript of the evidence and is wholly unfounded. (2) That the punishment provided for in IC 1971, 35-13-4-4, (Ind. Ann. Stat. § 10-701 [1956 Repl.]), is unconstitutional as violative of the Indiana Constitution, Art. 1, Sec. 16, ". . . All penalties shall be proportioned to the nature of the offense." is also unfounded. The defendant has not challenged the constitutionality of the statute in question. He has only challenged the sentence, the sentence being within the limits fixed by the statute, it is not proscribed by Art. 1, Sec. 16 of our Constitution. See *Blue* v. *State* (1946), 224 Ind. 394, 400, 67 N. E. 2d 377.

For all the foregoing reasons the judgment of the trial court should be affirmed.

Judgment affirmed.

Arterburn, C.J., Givan and Prentice, JJ. concur; DeBruler, J. concurs in result with statement.

## CONCURRING STATEMENT

DeBruler, J.—I concur fully with the majority holding that the evidence in this case is sufficient to support the conviction. However, I can concur only in the result of the remainder of the opinion in that I remain convinced that this Court, at present, has the lawful authority under Art. 1, § 16, in a proper case, to declare a trial court judgment unconstitutional, even though that judgment is within the penalty provisions of the statute defining the crime. *Cox* v. *State* (1932), 203 Ind.

544, 177 N. E. 898; *Adams* v. *State* (1971), Ind., 271 N. E. 2d 425 (DeBruler, J., dissenting).

NOTE.—Reported in 274 N. E. 2d 227.