283 N.E.2d 553 (1972)
Samuel S. McMinoway and Fred L. Stout, Jr., Defendants-Appellants,
v.
STATE of Indiana, Plaintiff-Appellee.
No. 172A46.
Court of Appeals of Indiana, First District.
June 6, 1972.
Rehearing Denied August 4, 1972.
*554 James D. Williams, Corydon, for defendants-appellants.
Theodore L. Sendak, Atty. Gen., William D. Bucher, Deputy Atty. Gen., for plaintiff-appellee.
ROBERTSON, Presiding Judge.
The defendants were convicted of second degree burglary after a trial by jury and sentenced accordingly.
Their motion to correct errors is summarized by means of their brief to present four issues for determination.
The first issue alleges insufficient evidence to positively identify the defendants as the same persons observed at the scene of the crime. A summary of the evidence *555 most favorable to the state shows that Indiana State Police Trooper Burch noticed an automobile parked off of the highway near the entrance to the Corydon Country Club at about 4:30 A.M. After determining the make, color and license number of the automobile, he drove across a bridge and up a hill to the club house. There he saw two men, one with a green sport shirt, the other with a two-tone blue striped shirt, standing in front of the club house. The two men fled into the foggy night. Trooper Burch returned to the highway, called for help, and drove to the club house to determine if it had been burgled. Upon seeing a door standing open he returned to the highway where the suspicioned car was gone. Less than 30 minutes later that car, and the two men matching officer Burch's description, were stopped while exiting from I-64 in New Albany. Also, taken from the defendants were the items which comprised States' Exhibits 1, 2, and 3.
Officer Burch testified:
"Q. And there is no question in your mind that these two men could have been the men standing and running from the country club?
A. No question in my mind but what Mr. McMinoway was the man standing away from the club, and Mr. Stout the man that ran."
In addition to matching the description of the car and the defendants, both men were observed as being wet from the knees down. In order to get to their car it would have been necessary to wade a creek approximately two feet deep.
Identification as having been seen in the vicinity of a burglary and fleeing upon being interrupted by the police is evidence of guilt. Thomas v. State (1970), Ind., 261 N.E.2d 224.
This court will not weigh the evidence nor resolve the questions of credibility, but will look to the evidence most favorable to the state and the reasonable inferences therefrom which support the verdict of the trial court or jury. Washington v. State (1971), Ind., 271 N.E.2d 888; Davis v. State (1971), Ind., 271 N.E.2d 893; Grimm v. State (1970) Ind., 258 N.E.2d 407; Sharp v. State (1970), Ind., 260 N.E.2d 593; Smith v. State (1970), Ind., 260 N.E.2d 558; and Langley v. State (1968), 250 Ind. 29, 232 N.E.2d 611.
We are of the opinion there was sufficient evidence for the jury to find as they did.
The second issue presented consists of a gap in the chain of evidence. After being arrested by the New Albany police, the defendants' possessions were taken from them and placed in three paper bags. The bags were locked in the detective's office then subsequently given to Trooper Burch, who in turn had them placed in a safe in the Harrison County Jail until the time of trial. The questioned situation arose when certain New Albany officers locked the evidence in an office and it was taken out by other officers.
"... we feel that the location of the bag during the days in question has been sufficiently accounted for. A mere possibility that the evidence could have been tampered with will not make it totally objectionable. Therefore the verdict will not be reversed on the basis of the admissibility of these exhibits."
Kolb v. State, Ind., 282 N.E.2d 541 decided May 15, 1972.
See also:
Guthrie v. State (1970), Ind., 260 N.E.2d 579.
A secondary question raised in this allegation involves a lady's wrist watch with a broken clasp. The watch was in the country club cash register and among the items taken from the defendants by the New Albany police. The club manager made a positive identification of the watch. The defendants argue that there is *556 no proof that this watch belonged to or was owned by the Corydon Country Club. We are of the opinion that this argument is also without merit. Burglary is an offense against the possession of property and not necessarily against ownership thereof. Bradley v. State (1964), 244 Ind. 630, 195 N.E.2d 347. In addition to the watch, there were other items found on the defendants which sufficiently connected them to the burglary, such as a bottle of QT suntan lotion, a dollar bill torn in two parts, "Joseph Barr" dollars, rolls of change and five dollar bills with red marks on them. Unexplained exclusive possession of recently stolen property is evidence of guilt. Bradley v. State, supra; Green v. State (1960), 241 Ind. 96, 168 N.E.2d 345, and authorities cited therein.
The third issue involves a failure of the judge to enter judgment upon receipt of the jury's verdict as required by law. The defendants rely upon the following statutes:
"When judgment pronounced.  After a finding or verdict of guilty, against the defendant, if a new trial be not granted, or the judgment be not arrested, the court must pronounce judgment." IC XX-X-XX-X, Ind. Ann. Stat. § 9-2201 (Burns 1956).
"When the defendant appears for judgment, he must be informed by the court of the verdict of the jury, or the finding of the court, and asked whether he have any legal cause to show why judgment should not be pronounced upon him." IC XX-X-XX-X, Ind. Ann. Stat. § 9-2205 (Burns 1956).
"If no sufficient cause be alleged or appear to the court why judgment should not be pronounced, it shall thereupon be rendered." IC XX-X-XX-X, Ind. Ann. Stat. § 9-2206 (Burns 1956).
CR. 21 makes the rules of trial and appellate procedure applicable to criminal appeals "insofar as they are not in conflict with any specific rule" adopted by the Supreme Court for the conduct of criminal proceedings. By reason of CR. 21 the defendants would have us believe that TR. 58, IC 1971, 34-5-1-1, which requires the court to promptly prepare and sign a judgment upon the jury's verdict, would apply to criminal cases. We do not believe such is the case. CR. 21 specifically refers to criminal appeals, not trials, but assuming for the moment it would apply to trials, TR. 58 would be repugnant to the statutes which the defendants rely upon. As an example IC XX-X-XX-X, Ind. Ann. Stat. § 9-2201 (Burns 1956) requires the court to determine if a new trial is to be granted, or judgment arrested. These are decisions to be made with some due reflection and not to be mechanically denied or granted while the jury sets in the box anxiously awaiting their discharge.
The fourth, and final, error is characterized as a "multitude of irregularities occurring at the trial" to the extent of depriving the defendants of their basic constitutional rights. None of the pellets from this shotgun reach their mark. The basis of this allegation, for the most part, rests upon evidence allegedly tainted by conjecture, being leading, irrelevant, hearsay and damaging to the defendants. In addition, the "mug shots" of the defendants were admitted as evidence. None of these were objected to by trial counsel. (The attorney presenting this appeal did not participate in the trial of the cause).
A conviction must be affirmed if, having applied the rule, there is evidence of probative value from which the trier of the facts could reasonably infer that the appellant was guilty beyond a reasonable doubt. Gann v. State (1971), Ind., 269 N.E.2d 381; Asher v. State (1969), 253 Ind. 25, 244 N.E.2d 89. In this case there was sufficient evidence to warrant the jury to return a verdict of guilty.
Judgment affirmed.
LOWDERMILK and LYBROOK, JJ., concur.