BARRY I. WEINGART v. STATE OF INDIANA.

[No. 1-1272A115. Filed September 19, 1973.]

*Howard B. Lytton, Jr.,* of Jasper, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert A. Zaban,* Deputy Attorney General, for appellee.

## I.

### STATEMENT ON THE APPEAL

STATON, J.—Barry I. Weingart was stopped by Officer Norman L. Weber on State Road 56 for not having a taillight on his yellow Volkswagen. When the window on the driver's side of the Volkswagen was rolled down by Weingart, Officer Weber recognized the odor of marijuana and observed a

"roach clamp" hanging on Weingart's shirt. A search of the ash trays disclosed the remains of what appeared to be marijuana cigarettes. Later, Weingart signed a written consent to a search of his automobile. A laboratory test confirmed that seeds found on the floor in Weingart's automobile were marijuana seeds and that the cigarette butts did contain marijuana residue.

Weingart was charged by affidavit with possession of a dangerous drug, tried by court and found guilty of the charge. His motion to correct errors and brief raise these issues on appeal:

1. Was the admission into evidence of a statement made by Weingart a violation of his constitutional rights?
2. Was there sufficient evidence to show possession of marijuana?
3. Was the consent to search form signed by Weingart, Exhibit G, valid?

We affirm the judgment of the trial court in our opinion which concludes that the statement complained of by Weingart was brought out on cross-examination of Officer Weber by his own defense counsel and that the evidence does show constructive possession beyond a reasonable doubt. The third issue is waived since it is presented for the first time on appeal.

## II.

## STATEMENT OF THE FACTS

Indiana State Police Officer Norman L. Weber was driving west on Indiana State Road 56 at about 9:00 o'clock P.M. on October 17, 1971. He passed a yellow Volkswagen going east on Indiana State Road 56. Officer Weber turned around and pursued the Volkswagen. He stopped the car because the left taillight was not working. Officer Weber approached the car and asked the driver, Barry I. Weingart, for his driver's license. There were three other people in the car. When

Weingart rolled down the window, Officer Weber recognized the odor of burning marijuana. He also saw what he identified as a "roach clamp" hanging on Weingart's shirt. He explained that a roach clamp is an electrical clamp often used in smoking marijuana cigarettes. Officer Weber asked Weingart to get out of the car and then conducted a search of the front ash trays where he found what appeared to be the remains of marijuana cigarettes. He further conducted a search of the rear seat and found cigarette papers used in rolling cigarettes and additional marijuana cigarette butts in the rear ash tray. Officer Weber placed Weingart and the three passengers under arrest. At the site of the arrest and at the police post, Weingart and the three passengers were discussing the situation among themselves and with Officer Weber. They made several statements about the small amount of marijuana they had and about what a roach clamp is used for. After Weingart had been in custody for from one (1) to two (2) hours, Officer Weber asked Weingart to sign a consent to search form. Weingart signed. The next day, the car was searched and marijuana seeds were found.

Indiana State Police Officer, George R. Lewallen, testified that he conducted laboratory tests on the evidence seized from the car and found the seeds to be marijuana seeds and the cigarette butts to contain marijuana residue.

Weingart was chargd by affidavit with possession of a dangerous drug on October 18, 1971. Trial was held before the court on September 11, 1972 and Weingart was found guilty. He was then ordered committed to the Indiana State Farm for a period of one year and fined $50.00 pursuant to IC 1971, 16-6-8-10; Ind. Ann. Stat. § 35-3338 (Burns 1972 Supp.). All but thirty (30) days of the sentence was suspended. Weingart timely filed his motion to correct errors which was overruled.

## III.

## STATEMENT OF THE ISSUES

The three issues to be discussed in this opinion will be designated in our "Statement on the Law" as "Issue One," "Issue Two" and "Issue Three." The issues are as follows:

Issue One: Were the statements made by Weingart at the scene of the arrest and introduced at trial a violation of Weingart's constitutional rights?

Issue Two: Was there sufficient evidence to prove that Weingart had "possession" of the marijuana found in his automobile?

Issue Three: Was Exhibit G, the consent to search form signed by Weingart, valid?

## IV.

## STATEMENT ON THE LAW

Issue One:

The statement was brought out at trial on the cross-examination of Officer Weber by Weingart's legal counsel. Weingart's statement to Officer Weber was that he couldn't understand getting "busted" for such a small amount of marijuana. The cross-examination of State Police Officer Weber by Weingart's legal counsel is as follows:

"Q. And could you tell me what you talked to him about at the scene of the arrest? What was your discussion?

"A. Him in particular?

"Q. Yeah, Mr. Weingart.

"A. I don't recall any specifics other than the fact that they couldn't understand getting busted for such a small amount of marijuana, and they couldn't understand why it was them, and I tried to explain to them that this was my job.

"Q. You remember Exhibit A here, what you call a roach clip don't you?

"A. Yes, sir.

"Q. Remember talking to Mr. Weingart about that roach clip?

"A. I remember when I observed it, reaching over and pulling it out of his shirt and asking him what it was, and what he used it for.

"Q. Did he tell you?

"A. Nothing definite.

"Q. Did you ask him any more questions about it, where he got it, or whose it was?

"A. Not that I recall.

"Q. Could you have asked him?

"A. I probably could have."

Our Indiana Supreme Court in *Brower* v. *State* (1956), 236 Ind. 35, 41, 138 N.E.2d 237 stated:

"If a party sees fit to open up a subject matter in the examination of a witness he cannot object to the answers or exclude the evidence brought out because it is not to his liking or is prejudicial. It follows that the same rule applies on cross-examination, even though the question eliciting the answer might have been properly objected to at the time asked by the opposing party. One is estopped to reject what he asked for, thinking it would benefit him. . . ."

Weingart's exploratory cross-examination brought forth unwanted responses. He cannot reject that which is unfavorable to his case and accept only that part of the response which is favorable. We find no error.

Issue Two:

The second issue is whether there is sufficient evidence to prove that Weingart had "possession" of the marijuana found in his car. Looking to the evidence most favorable to the State, it shows:

(a) Weingart was the owner and driver of the car in which the marijuana cigarette butts were found.

(b) Weingart admitted to Officer Weber that he was surprised that he would be "busted" for possessing such a small amount of marijuana.

(c) Cigarette butts containing marijuana were found in the front ash tray between Weingart and the other occupant of his automobile.

(d) A roach clip was hanging from Weingart's shirt.

From this evidence, the trial court could have inferred beyond a reasonable doubt that Weingart had constructive possession of the marijuana. In *Thomas* v. *State* (1973), 260 Ind. 1, 291 N.E.2d 557, 559, Justice Givan quoted from *Feltes* v. *People of Colorado* (1972), 178 Colo. 409, 498 P. 2d 1128, 1131 the following:

> " 'A conviction of illegal possession may be based upon evidence that the marijuana, while not found on the person of the defendant, was in a place under his dominion and control. [citations omitted] If possession is established, knowledge of the character of the drug and the fact that it is possessed can be inferred therefrom. [citations omitted] Possession need not be exclusive and the substance can be possessed jointly by a person and another without a showing that the person had actual physical control thereof.' "

Justice Givan concluded in *Thomas* v. *State, supra,* 291 N.E.2d at 559:

> "The above statement by the Colorado Supreme Court is applicable to the established law of Indiana and is dispositive of the issues in this case."

Viewing the above evidence in the light of *Thomas* v. *State, supra,* and *Corrao* v. *State* (1972), 154 Ind. App. 525, 290 N.E.2d 484 [also see 91 ALR2d 798], we can only conclude that the evidence was sufficient to establish possession of the marijuana by Weingart.

Issue Three:

Weingart raises as error in his motion to correct errors the introduction of the marijuana in evidence. He contends that the marijuana was illegally obtained at the scene of arrest without a Miranda warning and without a valid consent to search. Now, for the

first time, Weingart attacks the consent to search form, Exhibit G, which authorized the State Police Officers to search the car on the day following the arrest. Weingart is limited to those arguments and assertions of error that he saw fit to raise at the trial level in his motion to correct errors. This error raised in Weingart's brief for the first time on appeal is waived. *Spivey* v. *State* (1971), 257 Ind. 257, 274 N.E.2d 227; *Stephens* v. *State* (1973), 260 Ind. 326, 295 N.E.2d 622.

## V.

## DECISION OF THE COURT

ISSUE ONE: Weingart's statement made to Officer Weber at the scene of the arrest was not introduced into evidence in violation of Weingart's constitutional rights. The record shows that the statement was brought out at trial by Weingart's legal counsel during the cross-examination of Officer Weber. Weingart cannot object to answers or exclude the evidence brought out because it was not to his liking or is prejudicial.

ISSUE TWO: Actual physical control is not necessary to show possession of a dangerous drug. The ability and intent to have dominion and control may be sufficient. Constructive possession must be shown by circumstantial evidence and by any reasonable inferences that may be drawn therefrom. The State does not have to show exclusive possession.

ISSUE THREE: Weingart has waived this issue by failing to bring the alleged error to the trial court's attention in his motion to correct errors. He cannot raise the error for the first time on appeal.

We find no errors in the proceedings. Therefore, the judgment of the trial court should be and the same hereby is affirmed.

Hoffman, C.J. and Sharp, J., concur.

NOTE.—Reported at 301 N.E.2d 222.