JACKIE SHOCKENCY *v.* STATE OF INDIANA.

[No. 2-1073A234. Filed December 23, 1974.]

*Robert G. Mann,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellee.

WHITE, J.—Appellant was charged by affidavit with unlawful possession of heroin. After trial by jury he was convicted and sentenced to an executed term of not less than two nor more than ten years and fined in the amount of one dollar and costs. He appeals, contending first that the evidence was insufficient to sustain his conviction in that some of said evidence (the heroin) was obtain in violation of his constitutional protection against unreasonable search and invasion of privacy, and second that a proper chain of custody of the heroin was not established.

We affirm.

The evidence most favorable to the State shows that three Indianapolis police officers were assigned to pay especial attention to the intersection of 16th Street and College Avenue as a result of citizen reports of drug traffic in the area. While parked in a corner gasoline station they saw appellant, who was known to at least one officer, on an opposite corner. A car stopped on a third corner and the driver got out. Appellant crossed the street and had a conversation with that driver, a conversation that terminated with the passage of some object between the two. The police (in plain clothes) hurried across the street, but were not in time to stop the driver from driving away. Appellant had reached the doorway to a variety store when one of the officers tapped appellant on the shoulder and showed his badge. Appellant immediately said "You got me" and handed him an envelope. The envelope contained 20 tinfoil wrapped packets of a white powdery substance which an immediate field test indicated was heroin. The appellant was then arrested and the envelope containing the packets was marked and placed in a lock box in the police department property room. The next day one of the arresting officers delivered it to a chemist in the crime laboratory. He kept it in the locked lab for three days before testing it. After testing it was returned to one of the arresting officers who redeposited it in the property room. The laboratory analysis confirmed the field test.

Appellant's first argument is that, based on the evidence, the verdict of the jury was contrary to law. He does not contend that there is not sufficient evidence of all essential elements of the crime but rather that the major and absolutely essential evidence, the heroin, was unconstitutionally obtained. He contends that the police officers acted solely on the basis of their observations of his behavior and that behavior did not constitute probable cause for his arrest, "arrest" in his argument being the initial contact in the store doorway. The heroin, he claims, was discovered as a result of a search

incident to an unlawful arrest and therefore the heroin itself and all testimony in relation thereto was improper.

We note in reviewing the record of this cause:

1. That appellant expressly waived his right to a pre-trial hearing to determine whether there was probable cause for his arrest;

2. That appellant did not file a pre-trial Motion to Suppress the evidence he now contends was unconstitutionally obtained;

3. That during trial appellant's objections to the introduction of the heroin was premised on alleged failure to prove chain-of-custody, not on illegal arrest and/or illegal search;

4. That appellant's post-trial Motion to Correct Errors neither expressly mentions, nor implies, any constitutional defect in the seizure of the heroin.

In short, the allegation of unlawful arrest and search is being raised for the first time in appellant's brief. This cannot be done. Appellant "is limited to those . . . assertions of error that he saw fit to raise at the trial level in his motion to correct errors. This error raised in [appellant's] brief for the first time on appeal is waived." *Weingart* v. *State* (1973), 157 Ind. App. 597, 301 N.E.2d 222, 226, citing *Spivey* v. *State* (1971), 257 Ind. 257, 274 N.E.2d 227, and *Stephens* v. *State* (1973), 260 Ind. 326, 295 N.E.2d 622.

Appellant's second argument is that the custody of the heroin after it was taken from appellant was not sufficiently secure as to have precluded tampering, and thus that the introduction of the heroin and of the laboratory analysis into evidence was error.

The custodial procedures followed in the instant case are similar to, and in fact more stringent than, those followed in *Jones* v. *State* (1973), 260 Ind. 463, 296 N.E.2d 407. In that case the Supreme Court held that the mere possibility that the evidence, which had been kept

in an unlocked laboratory for 10 days, might have been tampered with did not make the evidence totally objectionable. On the basis of *Jones*, we find no merit in appellant's second argument.

The judgment is affirmed.

Sullivan, P.J., and Buchanan, J., concur.

NOTE.—Reported at 320 N.E.2d 768.