RALPH E. BARNETT *v.* STATE OF INDIANA.

[No. 2-1074A242. Filed July 14, 1975. Rehearing denied September 5, 1975. Transfer denied January 27, 1976.]

*Michael A. Kiefer, Steers, Klee, Sullivan, McNamar & Rogers,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Harry John Watson, III,* Deputy Attorney General, for appellee.

PER CURIAM—The only issue properly presented by this appeal is whether the evidence is sufficient to sustain Ralph E. Barnett's conviction of violation of the Indiana Controlled Substances Act (Possession of Heroin).[1]

We affirm.

The evidence most favorable to the verdict establishes the following:

At about 9:20 p.m. on December 7, 1973, Indianapolis Police Officers Horn, Flowers and Sims were on routine patrol when they observed Barnett and two other men standing on the sidewalk at the northwest corner of the intersection of 22nd and Talbot Streets in Indianapolis. The men appeared to be passing an object or objects among themselves and Flowers stopped the car and backed around the corner to continue the observation. When Flowers stopped, the men began rapidly walking north on Talbot Street. As they walked, the officers observed Barnett throw a cigarette package to the ground. All three officers then got out of the car, Horn walked to the spot he had seen the package thrown by Barnett fall and picked up a Kool cigarette package containing 17 tinfoil bindles of a brown powdery substance. Subsequent chemical analysis showed the substance contained heroin. Barnett was then arrested and advised of his rights. While being transported to jail, Barnett admitted to Flowers that he had thrown the cigarette package, but denied ownership of it.

1. IC 1971, 35-24.1-4-1, Ind.Ann.Stat. § 10-3561 (Burns Supp., 1974).

On appeal, Barnett asserts first that the jury could not reasonably have believed testimony of the police officers that they saw Barnett throw the cigarette package because of the lack of light in the area. This assertion is merely a request to reassess the credibility of these witnesses, a request this court must decline. *Bellamy* v. *State* (1972), 259 Ind. 254, 286 N.E.2d 401.

Barnett next argues the evidence that the heroin passed through his hands is not sufficient to establish possession. The evidence most favorable to the State and the permissible inferences therefrom are that an exchange took place at the corner between Barnett and the other men, that Barnett walked away from this meeting with a cigarette package containing 17 tinfoil bindles of heroin and, upon the appearance of police officers, Barnett attempted to get rid of the narcotics. This is more than the split second transfer of property by one unaware of its nature referred to by Justice DeBruler in his dissent in *Bellamy, supra,* and is sufficient to permit the jury to find that Barnett was in possession of the heroin and to sustain his conviction. *Patterson* v. *State* (1970), 225 Ind. 22, 262 N.E.2d 520.

Barnett also asserts the trial court erred in permitting Dr. Phillips to testify from previously prepared notes not admitted in evidence, and in admitting the tinfoil bindles containing heroin without a proper showing of chain of custody. The only objection made at trial occurred while Dr. Phillips was testifying as to his custody of the bindles partially relying upon his records and consisted of a statement "I'll object to that." Barnett did not specify to what he was objecting, and gave no reason for the objection. In order to preserve for appeal error in the admission of evidence, a timely objection must be made and specific grounds for the objection must be given. *Smith* v. *State* (1974), 159 Ind. App. 438, 307 N.E.2d 875. Barnett's objection is clearly inadequate. Also, any error was further waived by Barnett's failure to raise these issues in his Motion to

Correct Errors. *Weingart* v. *State* (1973), 157 Ind. App. 597, 301 N.E.2d 222.

Judgment affirmed.

NOTE.—Reported at 330 N.E.2d 759.