(No. 27212.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* NICK LIECHRON, Plaintiff in Error.

*Opinion filed Nov. 19, 1943—Rehearing denied Jan. 12, 1944.*

614

Francis J. Callahan, (Nick Liechron, *pro se,* on rehearing,) for plaintiff in error.

George F. Barrett, Attorney General, and Thomas J. Courtney, State's Attorney, (Edward E. Wilson, John T. Gallagher, and Melvin S. Rembe, of counsel,) for the People.

Mr. Justice Stone delivered the opinion of the court:

The plaintiff in error was found guilty by the criminal court of Cook county of the crime of attempt to commit rape. The indictment consisted of two counts, one charging a felonious assault with intent to commit rape and the other in effect charged an attempt to commit rape. A jury was waived and the plaintiff in error, on trial before the court, was first found guilty of an assault with intent to commit rape. On his motion the finding was vacated and the court later entered a new finding that defendant was guilty of an attempt to commit rape, as charged in the indictment, and he was sentenced to the penitentiary for a term of one to five years.

He brings the common-law record only, arguing that as the trial court, by its first finding of guilt, found him

guilty of an assault with intent to commit rape, the effect of such finding of guilty on the first count of the indictment only, was an acquittal on the second count which charged attempt to commit rape, and that defendant having been acquitted of such offense the court could not thereafter find him guilty of that crime. Cases cited in support of this contention announce the rule that where the jury either acquits or fails to convict the defendant on some counts of the indictment, he having once been placed in jeopardy on the charge contained in such counts, cannot then again be placed in jeopardy upon them. It is sufficient answer to the contention here, however, to say that the finding was set aside on plaintiff in error's own motion and the cause reconsidered, and were this a proper case for the application of the rule contended for, which we do not concede, plaintiff in error has waived it by his motion to set aside the finding, and the allowance of that motion. This was all done while the court was considering the cause. Essential elements of assault with intent to commit rape are specific intent so to do and an assault of such nature as would amount to rape if the purpose of the assault had been accomplished. (*People* v. *Anderson,* 382 Ill. 316; *People* v. *Maher,* 377 Ill. 488.) It seems more or less an anomaly in the criminal statute that an assault with intent to commit rape should carry the penalty of one to fourteen years in the penitentiary while the crime of attempted rape carries a sentence of one to five years, as there is little if any essential difference between the two crimes as designated in the statute. Since the offense of which plaintiff in error was first found guilty carries a much more severe penalty than that of which he was finally convicted, and since, as we have said, that conviction was set aside on his own motion, he is scarcely in a position to complain about the result.

It is also argued that the finding and judgment of the court, since it does not find the defendant's age, is for

that reason invalid. The indictment alleges his age to be sixteen years and upward. In this case the common-law record only is presented and no question as to the sufficiency of the evidence is before us. Since the allegation concerning plaintiff in error's age will be deemed to have been proved in the absence of a transcript of the evidence, it is a fair inference plaintiff in error was over the age of sixteen years at the time of the alleged offense. This is the only requirement of the statute. The failure of the court to find his exact age resulted in no injury to him. (*People* v. *Flynn*, 302 Ill. 549.) No error has intervened requiring reversal and the judgment of the criminal court is affirmed.

*Judgment affirmed.*