(No. 35195.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN SCALES, Plaintiff in Error.

*Opinion filed January 22, 1960.*

W. Richard Helms, of Chicago, for plaintiff in error.

Grenville Beardsley, Attorney General, of Springfield, and Benjamin S. Adamowski, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Francis X. Riley, and James J. Glasser, Assistant State's Attorneys, of counsel,) for the People.

Mr. Chief Justice House delivered the opinion of the court:

Defendant John Scales brings a writ of error to this court to review his conviction by the criminal court of Cook County for unlawful possession of narcotics.

On September 16, 1957, the Cook County grand jury returned a three-count indictment against the defendant for a violation of the Uniform Narcotic Drug Act. (Ill. Rev. Stat. 1955, chap. 38, par. 192.1 *et seq.*) Count I alleged a felonious sale, count II felonious dispensing and count III the unlawful possession of marijuana. After a plea of not guilty and waiver of jury, trial was conducted before the trial judge on February 4, 1958.

The undisputed facts disclose that on August 27, 1957, Marianne DePrend, who, with her friend Phyllis Adams, was in custody under another charge, cooperated with the police by telephoning defendant to arrange a meeting with him for the purpose of making a purchase of narcotics. About 9:00 A.M. Phyllis and Marianne were escorted to the agreed meeting on a street corner by four police officers who secreted themselves at vantage points where they could observe what took place. At the appointed time the de-

fendant walked up to the two women, was given two marked five-dollar bills by Marianne DePrend and he handed over a package containing narcotics to Phyllis Adams. The package, it was later stipulated, contained heroin. After the transaction was completed, defendant walked about a quarter of a block south where he was arrested by two of the watching police officers. However, just prior to his apprehension he had thrown the two marked bills into the street but both bills were recovered a few moments later when the defendant showed the police where he had thrown the money. The trial judge noted the variance between the proof as to heroin and the allegations of the indictment specifying marijuana and, at the suggestion of the defendant's attorney, entered a finding of not guilty.

On February 7, 1958, the defendant was re-indicted under a three-count indictment in the same form and wording as the previous indictment with the exception that the word "marijuana" was changed to heroin. He was arraigned on the second indictment, pleaded not guilty and waived a trial by jury. At no time did the defendant or his attorney make any plea or motion to raise or endeavor to present evidence concerning the defense of double jeopardy. It was stipulated that the testimony heard at the first trial could be used as the evidence in the second trial. Based on this evidence, the defendant was found guilty of unlawful possession of narcotics as charged in the indictment and judgment entered thereon sentencing him to a term of not less than two nor more than ten years.

Defendant now contends that the second trial constituted double jeopardy in violation of section 10 of article II of the Illinois constitution. The constitutional right to not be twice put in jeopardy for the same offense is a personal privilege which may be waived. (*People* v. *Liechron*, 384 Ill. 613.) The right has been waived where the accused seeks and obtains a new trial, (*People* v. *Liechron*, 384 Ill. 613,) or where he does not raise the defense of former

jeopardy before judgment in the trial court. *Dalton* v. *People,* 224 Ill. 333; *People* v. *McGinnis,* 234 Ill. 68; *United States* v. *Hoyland,* (7th cir.) 264 F.2d 346; *McGinley* v. *Hudspeth,* (10th cir.) 120 F.2d 523; *Cabellero* v. *Hudspeth,* (10th cir.) 114 F.2d 545; see 24 C.J.S. sec. 1676.

A review of the Illinois cases touching on this question reveals that the defense of double jeopardy compounds questions of law and fact which must of necessity be considered first at the trial level. (Cf. *People* v. *Knapp,* 15 Ill.2d 450; *People* v. *Koblitz,* 401 Ill. 224; *People* v. *Flaherty,* 396 Ill. 304; *People* v. *Allen,* 368 Ill. 368; *People* v. *Simos,* 345 Ill. 226; *People* v. *Corbishly,* 327 Ill. 312; *Spears* v. *People,* 220 Ill. 72; *Hankins* v. *People,* 106 Ill. 628; *Bedee* v. *People,* 73 Ill. 320; *Lane* v. *People,* 5 Gilm. 305; *Gerard* v. *People,* 3 Scam. 362.) Unless the defense is presented to the trial court, there is no way of defining the issues of law or fact to be reviewed on appeal.

In this case the defendant was ably represented by counsel of his own choice. He made no motion to quash the second indictment, to introduce evidence of the former acquittal, which he could have done under his plea of not guilty, (*People* v. *Hawkinson,* 324 Ill. 285,) nor in any manner to raise the defense of double jeopardy. He has by his own action waived the privilege of presenting the defense and it may not now be raised for the first time on appeal.

Defendant's further contention that the prosecution failed to prove his guilt beyond a reasonable doubt is without merit. The evidence is clear and convincing, no effort was made to refute the charges nor to rebut the proof and · in such case we will not disturb the finding of the trial court. *People* v. *Glass,* 16 Ill.2d 595; *People* v. *Barney,* 15 Ill.2d 503.

Accordingly the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*