(No. 36666.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM H. BENSON, JR., Plaintiff in Error.

*Opinion filed January 23, 1962.—Rehearing denied March 22, 1962.*

HARRY G. FINS, of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

On June 16, 1960, the defendant, William H. Benson, Jr., was indicted for the forcible rape of Hester Burton.

The defendant moved for a discharge on the ground of *res adjudicata* and former jeopardy. The trial court denied the motion, and the defendant pleaded not guilty. After trial by jury he was found guilty of forcible rape and sentenced to the penitentiary for a term of two years. He prosecutes this writ of error to reverse the judgment of the criminal court.

The sole ground upon which defendant seeks to reverse the judgment of the trial court is that the reversal of his prior murder conviction operated as an adjudication that the defendant was not guilty of rape and that his second trial constituted double jeopardy. In order to consider this defense, it is necessary to review the prior proceedings. The defendant admitted he had sexual intercourse on January 11, 1958, with Hester Burton, who died on the same day. On April 3, 1958, the defendant was indicted for murder on an indictment consisting of two counts. The first count stated that "William H. Benson, Junior, then and there unlawfully, feloniously, wilfully, violently, and of his malice aforethought made an assault in and upon the body of one Hester Burton, who then and there was a female person and who then and there was in the peace of the People of said State of Illinois; that said William H. Benson, Junior, then and there unlawfully, feloniously, wilfully, violently and forcibly was engaged in the prosecution of a felonious intent, to-wit: the forcible rape of Hester Burton; and that in the prosecution of said felonious intent said William H. Benson, Junior, then and there unlawfully, feloniously, wilfully and of his malice aforethought killed and murdered said Hester Burton.

"That is to say that said William H. Benson, Junior then and there feloniously and violently made said assault upon said Hester Burton, and that said William H. Benson, Junior then and there feloniously and forcibly ravished and carnally knew said Hester Hurton against her will; and that in the commission of said rape upon said Hester Burton

said William H. Benson, Junior thereby then and there caused said Hester Burton to suffer a mortal shock and a brain hemorrhage, of which mortal shock and said brain hemorrhage said Hester Burton thereafter died on the same eleventh day of January in the year of our Lord one thousand nine hundred and fifty-eight, in said County of Cook, in the State of Illinois aforesaid; and so the Grand Jurors aforesaid, upon their oaths aforesaid, do say that said William H. Benson, Junior unlawfully, feloniously, wilfully and of his malice aforethought killed and murdered said Hester Burton in manner and form aforesaid and by the means aforesaid; * * *."

Count II, in essence, charged that defendant murdered Hester Burton by making an assault on her body by some violent and unknown means, and that he inflicted divers wounds, cuts, bruises, fractures and hemorrhages on various parts of her body from whence she died.

After trial on said indictment the jury returned a verdict finding defendant guilty of murder in the manner and form charged in the indictment and he was sentenced to the penitentiary for a term of 25 years. Upon writ of error from that judgment this court reversed in *People* v. *Benson*, 19 Ill.2d 50. In that case we held that the proof showed beyond reasonable doubt that an illegal act of rape was committed by the defendant, which, under some conditions, might be a criminal agency that could cause death. However, we further held that proof was lacking beyond reasonable doubt that the death of Hester Burton in fact resulted from the illegal act of intercourse or from any other criminal agency for which defendant was responsible. We therefore reversed the judgment of the trial court.

It is the theory of defendant that when an indictment for a higher crime embraces all the elements of an offense of an inferior degree, the accused may be discharged of the higher and convicted of the lower offense embraced within the higher. He therefore contends that under the prior

murder indictment the defendant could have been found guilty of rape and therefore the reversal of the murder conviction without remandment operated as an acquittal and a prior adjudication of the charge of rape. Thus he claims his subsequent trial on that charge constituted double jeopardy.

In our opinion the crux of this case is the legal effect of our prior decision in *People* v. *Benson,* 19 Ill.2d 50. It is well settled that the retrial of an accused, after a judgment of conviction has been reversed and the cause remanded, does not justify a claim of double jeopardy. *People* v. *Keagle,* 7 Ill.2d 408; *People* v. *Woodward,* 394 Ill. 433; *Stroud* v. *United States,* 251 U.S. 15, 64 L. ed. 103.

It has been well stated that a defendant cannot by his own act avoid the jeopardy in which he stands and then assert it as a bar to subsequent jeopardy. (*Murphy* v. *Massachusetts,* 177 U.S. 155, 44 L. ed. 711.) We think the fact that the former conviction has been set aside at defendant's instance is the basis of the rule, and it is not decisive that the appellate tribunal has or has not remanded after a reversal. In *Lane* v. *People,* 5 Gilm. 305, this court reversed the judgment of conviction and ordered the prisoner discharged. However, the court stated: "As the judgment will be reversed at the instance of the prisoner, he will not, in legal contemplation, have been in jeopardy, and may again be indicted and put on his trial for the same offence." The *Lane* case was cited with approval in *People* v. *Scales,* 18 Ill.2d 283.

In *Gannon* v. *People,* 127 Ill. 507, we held that where a judgment of conviction was vacated at the defendant's motion, it was not double jeopardy to retry the accused on a new indictment for the same offense.

Defendant's prior conviction has been set aside. It cannot be contended that the jury, by finding defendant guilty of the greater offense, acquitted him of the lesser. Nor is

this court's prior opinion ambiguous on this point. We specifically pointed out that: "* * * it is our opinion the proof shows beyond reasonable doubt that an illegal act of rape was committed by defendant * * *". (*People* v. *Benson*, 19 Ill.2d 50.) We know of no case, and none has been suggested to us to indicate that the reversal in the prior case amounted to an acquittal of the charge of rape.

We think it clear that defendant by appealing his former conviction subjected himself to whatever appropriate action might be taken by this court. (Cf. *Forman* v. *United States*, 361 U.S. 416, 4 L. ed. 2d 412.) In the prior appeal the action of this court was clear. Neither the judgment of the trial court nor our reversal amounted to a prior conviction or acquittal of the charge of rape. We, therefore, hold that the People were entitled to proceed appropriately by a new indictment on that charge. It was unnecessary for this court to have remanded the cause on the prior appeal for a new trial for rape on the original indictment.

From what we have said it is unnecessary for us to consider whether or not the charge of rape was a lesser offense included in the original indictment. There being no other grounds raised for reversal of the judgment of the trial court, that judgment is accordingly affirmed.

*Judgment affirmed.*