The People of the State of Illinois, Plaintiff-Appellee, *v.* Jessie Harvey, Defendant-Appellant.

(No. 54750;

First District—March 23, 1971.

James R. Bronner, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. No-velle and Michael Goldstein, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE McCORMICK delivered the opinion of the court:

On July 3, 1969, in a bench trial, Jessie Harvey, the defendant, was convicted of the offense of criminal trespass to a vehicle. The complaint stated that the defendant "knowingly entered a 1967 Cadillac, VIN J7234288, City Veh. 1969, U666020, the property of Ananias Cooper, without authority and without the consent of the said Ananias Cooper." The defendant was sentenced to ten months in the County Jail.

On August 1, 1969, the defendant appeared before the trial court for the purpose of presenting various post-trial motions; the first for a directed verdict, based on the claim that the State had not proved its case. The motion was denied. Defendant's second motion, submitted in writing, was for a new trial, and the judge granted the motion, ordering the new trial for September 11. After several continuances the new trial was set for November 6, 1969.

At the new trial the State's first witness was Officer Galladora of the Chicago Police Task Force. He testified that at 1:30 A.M., on July 3, 1969, he and his partner, Officer Ross, were near a gas station at 901 South Cicero, when they saw the defendant draining hoses through the gas pump into the car in question, a 1967 brown Cadillac. When the officers turned into the gas station, the defendant was starting to get into the car. The witness stated that he questioned he defendant, requesting him to show identification for the vehicle, which defendant was unable to produce. Defendant said the car belonged to his aunt and he was using it to get to and from his work across the street from the gas station. The officer made a check of the numbers of the City and State licenses and found that the number on the City sticker was U666020, issued to a car reported stolen. The defendant was then arrested. The officer further testified that his inspection of the car at the site showed that it "was

damaged on the left side and the right side * * *. There were wires hanging from underneath the car and there was a bracket where a tape recorder had been and the speakers were in the car."

Ananias Cooper, the next witness for the State, testified that on July 3, 1969, he owned a 1967 Cadillac which he described as "two-door, gold, brown vinyl top." He said the car had been in good condition prior to July 3, and had a stereo tape in it, but the tape was missing when the car was returned to him.

Christine Cooper testified for the State that her husband owned a 1967 Cadillac automobile prior to July 3, 1969; that the City license number for the car was U666020. On cross-examination she testified that the car was brown with black vinyl top.

The defense called Mrs. Cooper as a witness, and she testified that the car was stolen on June 20, 1969.

The defendant testified in his behalf that on June 20, 1969, he had spent the day cutting grass for hire; that at 1:30 A.M., he was waiting at the gas station for a bus, to go home. He stated that "some guys were messing with the car and I started laughing at them. They ran on the railroad tracks." He said he was wearing army fatigues at the time and he was AWOL from the Marine Corps. He said he was never in the vehicle in question.

The defense rested; the court found the defendant guilty, after a hearing in aggravation and mitigation, and sentenced him to six months probation. From that sentence this appeal was taken.

The defendant here contends that at the initial trial, when the State failed to prove that the car defendant entered was the property of Ananias Cooper, the court granted defendant a new trial, whereas if the court had properly ruled, it would have sustained defendant's motion for acquittal notwithstanding the verdict, and that by ordering a new trial the court placed defendant in double jeopardy. He argues that the trial court erred in refusing to allow his motion for directed verdict and in granting his motion for a new trial; that the trial judge allowed the State a second opportunity to produce sufficient evidence to prove the charge it had failed to prove at the first trial. See *People v. Liechron,* 384 Ill. 613.

In *People v. Woodward,* 394 Ill. 433, the defendant was convicted of the offense of receiving stolen property. He requested and was granted a new trial, at which he was found guilty of receiving stolen property. On appeal he argued that he was subjected to double jeopardy in being given a new trial after having been convicted of receiving stolen property. The court said at page 435:

"* * * defendant was tried and convicted and, on his application,

was given a new trial. *If a new trial is granted on the defendant's application, this is, in itself, no bar to a second trial on the same or amended indictment. (Gannon v. People*, 127 Ill. 507.) The defendant cannot, by his own act, avoid the jeopardy on which he stands and then assert it as a bar to subsequent jeopardy." (Emphasis supplied.)

Defendant also cites *People v. Brown*, 99 Ill.App.2d 281; however, that case is distinguishable. There the defendant had been found guilty of rape and sentenced to the penitentiary. The court found the evidence of guilt insufficient, and reversed. The State petitioned for a rehearing, arguing that the case should have been reversed and remanded for a new trial rather than reversed outright. In its opinion the court noted that the defendant did not ask for a new trial, and held that where a reversal is based on lack of evidence, a new trial would subject defendant to double jeopardy. However, the court distinguished the cases where a new trial was granted at defendant's request, and those appeals where "reversal is granted for the reasons contained in the new trial request, * * *" In the case before us the defendant asked for and was granted a new trial. This is not the situation contemplated by the *Brown* decision.

■■ There is nothing in the record before us to indicate that the trial judge's reason for allowing a new trial was because of lack of evidence. The defendant's motion for new trial contained numerous contentions as to why it should be granted. In support of his motion the defendant argued that the new trial had been granted because of insufficient evidence; however, the statement of the trial judge indicated that his decision was made because the defendant had alleged in his written motion that there was not sufficient time allowed for preparation of proper defense, or that some other procedural error had been observed by the judge during his examination of the transcript.

It is also argued that the complaint was not sufficient to charge defendant with criminal trespass to a vehicle. The charge is that "he knowingly entered a 1967 Cadillac * * * the property of Ananias Cooper, without the consent of the said Ananias Cooper." The defendant argues that the trial court erred when it allowed the State to amend the complaint because "the omission of a material element of the offense does not fall within any of the formal defects for which the amendment of a complaint is permitted pursuant to Section 111—5 of Chapter 38, Ill. Rev. Stat. 1967 * * *" That argument presupposes that lacking the words "without authority" the complaint was fatally defective. The State argues that even without the words which were omitted, the complaint was sufficient to warrant conviction.

In *People ex rel. Miller v. Pate*, 42 Ill.2d 283, at 285 the court said:

"The tests respecting the sufficiency of an indictment, repeatedly enunciated in the case law, are whether it would enable defendant to prepare his defense and whether it would sustain a plea of judgment in bar of any further prosecution for the same offense."

■■ In *People v. Vysther,* 49 Ill.App.2d 223, the court said at page 226: "* * * there is no requirement that the exact statutory language be set forth in an information, but only that an 'information charging an offense defined by statute should be as descriptive of the offense as is the language of the statute and should allege every substantial element of the offense.' [Cases cited.] Similarly, in *People v. Howard* (1963), 41 Ill.App.2d 128, 132, 190 N.E.2d 3, the court held that an information is sufficient 'which states the offense in the terms and language of the statutes creating the offense, *or* so plainly that the nature of the offense may be easily understood by the jury.' "

In the case before us, although the complaint does not quote the exact language of the statute, it is sufficient to inform the defendant of the exact nature of the charge against him. *People v. Whittles,* 93 Ill.App.2d 419.

■■ Finally, the defendant contends that the evidence failed to establish his guilt of the crime of criminal trespass to a vehicle. He argues that the State did not prove the vehicle in which the defendant was found was in fact the property of Ananias Cooper. However, considering all the evidence, it is clear that the State proved this element of its case. In *People v. Knox,* 98 Ill.App.2d 270, at page 272 the court said:

"In a burglary prosecution, the state need not plead or prove ownership of or precise legal title to the burglarized premises; rather the state need only plead and prove occupancy of or possession in the party whose occupancy or possession is rightful as against the burglar. *People v. Kreisler,* 381 Ill. 453, 45 N.E.2d 653."

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

LEIGHTON, P. J., and STAMOS, J., concur.