THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RANDY G. MINK, Defendant-Appellant.

Second District No. 2—87—0351

Opinion filed July 26, 1989.

NASH, J., dissenting.

G. Joseph Weller and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers, John X. Breslin, and Terry A. Mertel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOODWARD delivered the opinion of the court:

After a jury trial before Judge John L. Hughes, defendant, Randy G. Mink, was convicted of unlawful delivery of a controlled substance and unlawful possession of a controlled substance (Ill. Rev. Stat. 1985, ch. 56½, pars. 1401(a)(2), 1402(a)(2)). Defendant filed a post-trial motion alleging, among other things, that the State had failed to establish venue. Judge Hughes granted defendant a new trial. The State filed a motion to reconsider the new trial order on the basis of venue. The State's motion was heard and granted by Judge Goshgarian. He entered judgment on the jury verdicts returned before Judge Hughes and sentenced defendant to concurrent sentences of six years on each

charge. Defendant appeals Judge Goshgarian's order on the State's motion to reconsider, contending that Judge Hughes' ruling on the post-trial motion was actually an acquittal which could not be reviewed. Alternatively, defendant contends that he is entitled to a credit against his fine of $5 for each day he was in custody prior to his trial.

The facts surrounding the offenses charged here are not relevant to this appeal. It is sufficient to say that defendant was charged by indictment with possession and delivery of less than 10 grams of cocaine on February 6, 1986, and possession and delivery of more than 30 grams of cocaine on February 11, 1986. Defendant was tried on the February 11, 1986, charges only. The trial court ruled that the State would be barred from introducing evidence of the February 6 incident unless the defense of entrapment was raised; thereafter, evidence of the February 6 incident would be admissible to rebut entrapment by demonstrating predisposition. Defendant raised the entrapment defense; the State thereupon offered evidence as to both the February 6 and February 11 incidents. The State established that the February 6 incident occurred at Piper Industries, located at 3801 Hawthorne, in Waukegan, Lake County. Testimony concerning the February 11 incident established only that it occurred at Piper Industries.

At the close of the State's case, defendant moved for a directed verdict contending, among other things, that the State had failed to establish venue in Lake County for the February 11 incident. The motion was denied. The jury returned guilty verdicts on both charges, namely, possession and delivery, and judgment was entered on the verdicts.

Defendant filed a post-trial motion again asserting, among other things, that venue was not proved beyond a reasonable doubt. Defendant asked for a new trial or, alternatively, for reversal of the guilty verdicts. Defendant contended that the evidence of the location of Piper Industries was presented with regard to the February 6 incident only, and, because evidence of that incident was admitted only to rebut the entrapment defense, the evidence could not be considered as substantive evidence to prove venue for the February 11 incident. Judge Hughes granted defendant's motion and set a new trial date.

The State filed a motion to reconsider Judge Hughes' order. The State contended that venue had been proved. Judge Goshgarian heard and granted the State's motion and entered judgment on the jury's verdicts. Defendant was sentenced to concurrent terms of six years' imprisonment on each count and ordered to pay a $3,600 street value fine.

On appeal, defendant contends that Judge Hughes granted defendant's post-trial motion because the State failed to prove venue, and such a finding, that the evidence was insufficient to convict, is in effect an acquittal. Defendant contends, therefore, that the State's motion to reconsider violated his constitutional guarantees against double jeopardy.

On appeal, defendant focuses on the State's motion to reconsider as a violation of prohibitions against double jeopardy. Attention would more properly be focused, however, on Judge Hughes' new trial order. If, in fact, Judge Hughes found that the State had failed to present evidence of venue sufficient to support defendant's conviction, then his order for a new trial violated defendant's double jeopardy guarantees.

■ The constitutional protection against double jeopardy safeguards a defendant from being forced to undergo a second trial where evidence introduced at the first trial was insufficient for conviction. U.S. Const., amend. V; Ill. Const. 1970, art. I, §10; *People ex rel. Daley v. Crilly* (1985), 108 Ill. 2d 301, 306, *cert. denied* (1986), 475 U.S. 1045, 89 L. Ed. 2d 571, 106 S. Ct. 1261.

■ Double jeopardy does not preclude retrial where the reason for reversal is a trial error, that is, a determination that defendant has been convicted through a judicial process which is defective in some fundamental respect, as distinguished from an evidentiary insufficiency. (See *People v. Castiglione* (1979), 75 Ill. App. 3d 469, 473.) Although retrial is permitted when the evidence produced at the first trial was sufficient to convict, the double jeopardy clause prevents retrial on the same charge where the evidence presented by the prosecutor at the first trial was insufficient to convict. (*Crilly*, 108 Ill. 2d at 306.) The reason for the reversal should control the decision whether or not there should be another trial. (*People v. Brown* (1968), 99 Ill. App. 2d 281, 302 (supplemental opinion upon denial of petition for rehearing).) Where reversal is based on insufficient evidence, a new trial would subject defendant to double jeopardy. (See *Brown*, 99 Ill. App. 2d at 302.) The prosecution is not afforded a second chance to supply evidence that it failed to produce at the first trial on the same charge. *People v. Holloway* (1982), 92 Ill. 2d 381, 386-87.

■ The proper application of the constitutional prohibition against double jeopardy requires that, when the issue is raised by defendant, the trial judge must decide whether the evidence was sufficient for conviction. (*Crilly*, 108 Ill. 2d at 308.) Even if the trial judge appraised the evidence incorrectly in deciding that it was insufficient for conviction, his order is not reviewable. *Crilly*, 108 Ill. 2d at 312.

■■ The determinative question, therefore, is whether Judge Hughes found that the State failed to establish venue beyond a reasonable doubt. An averment in an indictment that a crime was committed in a particular county is a material element of the State's case and must be proved beyond a reasonable doubt like all other elements. *People v. White* (1975), 26 Ill. App. 3d 659, 661.

At the hearing on defendant's post-trial motion, the following exchange took place:

"THE COURT: I'm torn between simply saying all right, try [the case] again and make sure that the evidence is correct, granting a new trial which is not going to jeopardize anybody except take additional time to do a case which has already been tried, and doing what I believe is correct which I think is that that evidence forms a part of the total evidence and you make your decision based on the total evidence.

MR. BOCHES [Defense attorney]: That being that the total evidence was properly received for that purpose. If it was received solely for a specific limited purpose, the Jury should be precluded from considering it for any other purpose.

THE COURT: Okay. I will rule on it. Let's not waste any more time on it. I think there is a good argument on both sides and I will grant your motion because I'm not quite sure. If you are in doubt I think that it would be wise to grant the motion and set it up for a new trial.

MR. GIBSON [Assistant State's Attorney]: Just so the record is clear, Judge, I assume this is based on 115—.

MR. BOCHES: It is important we declare it. I think it is because there is a question as to the venue, the limited evidence, correct?

THE COURT: That's what it is based on. Certainly in my own mind, I think I should be able to take the totality of the evidence. On the other hand, your argument pertaining to the limited nature or purpose of that case, I rather imagine that whichever way it goes on appeal, it would be a split decision and if it is going to be a split decision on appeal then we might just as well go ahead and grant the new trial and be done with it and not waste time on it going up on appeal. ***

\* \* \*

MR. GIBSON: Chapter 38, 114—11(e), you are granting this motion based on lack of venue?

THE COURT: That's right. I'm not considering it to be double jeopardy.

MR. BOCHES: I understand that, but you are granting it based on questions where evidence received for a limited purpose is allowed to bootstrap in venue because motion in arrest of judgment is—.

MR. GIBSON: Your motion was there was not venue presented by the State to sustain the finding of guilty. Therefore, motion in arrest of judgment is granted and, therefore, under 114–11–.

THE COURT: I'm granting it based on your motion that you are asking for a new trial based on the fact that proper venue was not established.

MR. BOCHES: Yes.

MR. GIBSON: So there is no double jeopardy and the State does have a right to retry the case.

THE COURT: Yes."

■ The court's ruling on the venue issue is somewhat confusing. References to various irrelevant motions add to the confusion. The assistant State's Attorney referred to section 114–11(e) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 114–11(e)) as ground for granting defendant's motion. This section applies only to motions to suppress confessions. He also referred to defendant's motion as a motion in arrest of judgment. A motion in arrest of judgment is made where the indictment, information or complaint does not charge an offense or where the court is without jurisdiction of the cause. (Ill. Rev. Stat. 1985, ch. 38, par. 116–2.) Defendant's post-trial motion was neither a motion to suppress a confession nor a motion in arrest of judgment. References to those motions, therefore, were irrelevant.

While the trial judge never specifically stated that the evidence of venue was insufficient to sustain defendant's conviction, he did state he was granting the new trial on the basis of the allegation that venue was not proved. Reading the transcript as a whole, it is clear that defendant's post-trial motion was granted as a result of the allegation that venue had not been established.

Although the trial court believed that a new trial would not subject defendant to double jeopardy, a new trial would in fact allow the State a second chance to supply evidence it had failed to supply at the first trial. This is exactly what the constitutional prohibition against double jeopardy prevents. As the trial judge himself phrased it, in granting a second trial, he was allowing the State to "try it again and make sure that the evidence is correct." The judge was not referring to correcting trial errors concerning admissibility of evidence; none

were alleged. In this context, the judge was telling the State to make sure that the evidence at the second trial is sufficient to convict.

■ Although Judge Hughes entered an order for a new trial, his determination on the sufficiency of the evidence was in sum and substance an acquittal. A judgment of acquittal which will trigger double jeopardy protection occurs when the ruling of the judge, whatever its label, actually represents a resolution in the defendant's favor, correct or not, of some or all of the factual elements of the offense charged. (See *People v. Wallerstedt* (1979), 77 Ill. App. 3d 677, 680.) Here, the trial court resolved the challenge to the sufficiency of venue evidence in defendant's favor. A retrial in this situation would subject defendant to double jeopardy. The trial court should have entered a judgment of acquittal and discharged the defendant.

■ The trial court's determination on the sufficiency of the evidence was an acquittal and as such was not reviewable. (*Crilly*, 108 Ill. 2d at 312.) The State could not appeal the acquittal, nor could it move for reconsideration of an order which was in substance an acquittal.

The State suggests that the trial court's order was not based on insufficiency of evidence, but was based on the court's determination of the weight of the evidence. This is clearly erroneous. The question of what weight to accord to evidence only arises when there is conflicting evidence or a question of credibility. (See *Tibbs v. Florida* (1982), 457 U.S. 31, 41-47, 72 L. Ed. 2d 652, 661-65, 102 S. Ct. 2211, 2218-21.) In this case there was no contradictory or conflicting evidence concerning venue. Defendant's allegation was that evidence of venue was insufficient. The trial court was not called upon to weigh conflicting evidence here.

Finally, the State argues that the defendant waived his double jeopardy claim on appeal by failing to raise it in response to the motion for reconsideration or at the sentencing hearing. We disagree.

The State relies on *People v. Scales* (1960), 18 Ill. 2d 283. In that case, the defendant was indicted for sale and possession of marijuana. When the proof at trial revealed the substance to be heroin, the trial court on defendant's motion entered a finding of not guilty. The defendant was reindicted, the new indictment reading the same as the old except the word "marijuana" was changed to "heroin." The defendant was found guilty of the offenses in the second trial. On appeal, he contended that the second trial constituted double jeopardy.

■ In affirming Scales' conviction, our supreme court held that the constitutional right not to be twice put in jeopardy for the same offense was a personal one that may be waived. The court further

held that seeking a new trial or failure to raise the defense of double jeopardy before judgment in the trial court waives the defense. 18 Ill. 2d at 285-86.

■ The State's reliance on *Scales* is misplaced. The *Scales* case was decided in 1960. In 1963, section 121—9 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1963, ch. 38, par. 121—9) was enacted. Our Supreme Court Rule 615(a) (107 Ill. 2d R. 615(a)) is the successor statute to section 121—9 and provides in pertinent part as follows:

> "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court."

Cases decided subsequent to *Scales* and the enactment of the "plain error rule" have for the most part relied on either section 121—9 or, later, Supreme Court Rule 615(a) in order to consider claims of double jeopardy that would otherwise have been deemed waived. (See *People v. Valentine* (1984), 122 Ill. App. 3d 782; *In re L.R.* (1982), 106 Ill. App. 3d 244; *People v. Pendleton* (1979), 75 Ill. App. 3d 580; *People v. Gallas* (1966), 77 Ill. App. 2d 132.) In these cases, the reviewing courts chose to consider the issue of double jeopardy, even though not preserved for review, because of the seriousness of the double jeopardy issue in the respective cases and its ultimate relationship to the integrity and fairness of the judicial proceedings.

In those cases cited to us by the State and ones which our research has uncovered in which the issue of double jeopardy has been deemed waived for failure to preserve the issue for appeal, we note that double jeopardy was found not to exist or would have been found not to exist. *People v. Escobar* (1988), 168 Ill. App. 3d 30 (mistrial does not bar reprosecution of defendant where he consents to or his conduct constitutes acquiescence to the granting of the mistrial). *E.g., People v. Green* (1984), 125 Ill. App. 3d 734 (on appeal from conviction in second trial defendant claimed double jeopardy after the judge declared a mistrial after the first trial; even if considered on the merits, court would hold no abuse of discretion in declaring the mistrial); *People v. Lance* (1980), 87 Ill. App. 3d 943 (although holding that defendant waived double jeopardy argument, court noted that Illinois cases had consistently found against defendant on the basis for his double jeopardy argument); *People v. Szudy* (1978), 56 Ill. App. 3d 494 (defendant claimed double jeopardy after he was convicted of aggravated assault, alleging he had been placed under a peace bond for the same conduct. The court, while holding defendant waived the dou-

ble jeopardy issue, also stated that the record reflected that defendant had not been subjected to a peace bond for the same conduct. We note with interest that the court did review the defendant's conviction and remanded for a new trial due to misrepresentations at defendant's trial, a basis not raised as error but which the court found to be "plain error" under Supreme Court Rule 615(a)).

The rule to be gleaned here from an analysis of these cases is that where the court, if after considering the issue of double jeopardy on the merits, would conclude that defendant was not placed in jeopardy, and if the issue has not been properly presented for review, the court will find a waiver of that issue. If on the other hand, when defendant has been placed in double jeopardy, and has failed to preserve the issue for review, the court will address the double jeopardy issue pursuant to the "plain error" doctrine of Supreme Court Rule 615(a).

We note in passing that both the State and the dissent in this case cite *People v. Enoch* (1988), 122 Ill. 2d 176, for the proposition that a claim of error must first be raised in the trial court to preserve it for review. While we do not dispute the correctness of the above statement, *Enoch* actually stands for the more narrow proposition that both a trial objection and a written post-trial motion raising the issue are required for alleged errors that could have been raised at trial. (122 Ill. 2d at 186.) That the defendant raised the venue question in his motion for a new trial is not in dispute here, only the failure to raise the double jeopardy issue when the State moved to reconsider the granting of the motion for a new trial. However, even assuming the applicability of *Enoch* to the facts of the present case, the supreme court in *Enoch* points out that "plain error" is one of the three exceptions to the waiver rule in criminal cases applicable when no motion for a new trial has been filed.

Although not specifically argued by the State, we deem it prudent to address a second type of waiver which was stated in *People v. Scales*, to wit, whether defendant has waived the issue of double jeopardy by filing a motion for a new trial. In order to resolve this question, the history of the new trial waiver rule must be explored.

In *People v. Liechron* (1944), 384 Ill. 613, the defendant was charged with felonious assault with intent to commit rape and attempt to commit rape. After a bench trial, the defendant was found guilty of the assault but, on defendant's motion, the trial court vacated that finding of guilt and then found defendant guilty of the attempt to commit rape. On appeal, defendant argued that he was subjected to double jeopardy when the court, after vacating the finding of

guilty on one charge, then found him guilty of the second when there had been no finding initially on that charge. The court rejected the double jeopardy argument, stating:

"It is sufficient answer to the contention here, however, to say that the finding was set aside on plaintiff in error's own motion and the cause reconsidered, and were this a proper case for the application of the rule contended for, which we do not concede, plaintiff in error has waived it by his motion to set aside the finding, and allowance of that motion." 384 Ill. at 615.

*People v. Liechron* was cited with approval in *People v. Scales* (1960), 18 Ill. 2d 283, 285.

In *People v. Benson* (1962), 24 Ill. 2d 159, the defendant was charged with two counts of murder; count I alleged that during the course of a felony rape, defendant killed the victim; count II alleged that the victim died as a result of the rape. The defendant was found guilty of murder. He appealed. In reversing without remand his conviction, the court stated that while the proof showed beyond a reasonable doubt that the defendant committed the rape, which could have resulted in the victim's death, it was not proved beyond a reasonable doubt that the victim's death resulted from the rape or due to any act by the defendant. Thereafter, defendant was indicted for the rape of the victim. The trial court denied defendant's pretrial motion for discharge on the basis of double jeopardy, and following a jury trial, defendant was found guilty. He appealed, solely on the basis that he had been subjected to double jeopardy by the second prosecution. He contended that the reversal of his murder conviction operated as an adjudication that he was not guilty of rape.

In affirming the defendant's conviction, the court stated:

"In our opinion the crux of this case is the legal effect of our prior decision in *People v. Benson*, 19 Ill. 2d 50. It is well settled that the retrial of an accused, after a judgment of conviction has been reversed and the cause remanded, does not justify a claim of double jeopardy. [Citations.]

It has been well stated that a defendant cannot by his own act avoid the jeopardy in which he stands and then assert it as a bar to subsequent jeopardy. [Citation.] We think the fact that the former conviction has been set aside at defendant's instance is the basis of the rule, and it is not decisive that the appellate tribunal has or has not remanded after reversal. In *Lane v. People*, 5 Gilm. 305, this court reversed the judgment of conviction and ordered the prisoner discharged. However, the court stated: 'As the judgment will be reversed at the in-

stance of the prisoner, he will not, in legal contemplation, have been in jeopardy, and may again be indicted and put on his trial for the same offence.' The *Lane* case was cited with approval in *People v. Scales*, 18 Ill. 2d 283.

In *Gannon v. People*, 127 Ill. 507, we held that where a judgment of conviction was vacated at the defendant's motion, it was not double jeopardy to retry the accused on a new indictment for the same offense." 24 Ill. 2d at 162.

The *Benson* court rejected defendant's argument that conviction of the greater offense acquitted him of the lesser offense. The court noted that, in its original opinion, the court had stated that there was proof beyond a reasonable doubt that defendant was guilty of rape and that nothing in the court's opinion suggested that the reversal of the murder conviction amounted to an acquittal of the charged rape. The court found it unnecessary to have remanded the case in order for the State to bring an indictment against defendant on the charge of rape.

An exhaustive review of the case law on this issue of waiver by the defendant was undertaken by the court in *People v. Brown* (1968), 99 Ill. App. 2d 281. In that case, the court reversed without remand the defendant's conviction for rape on the basis that the evidence raised a reasonable doubt of defendant's guilt. The State petitioned for rehearing contending that the appropriate appellate remedy would be to remand the case for a new trial.

In a supplemental opinion denying the petition for rehearing, the court first observed that where the State failed to present sufficient evidence at trial to obtain a conviction at trial and where none of the State's material evidence was erroneously excluded, the State was not entitled to another opportunity to rehabilitate its case at the expense of defendant's right to an acquittal. Since the defendant would have been entitled to an acquittal at the trial level which the State could not appeal, the defendant would be entitled to the same protection when his case was reviewed on appeal since the legal effect would be the same.

The court then discussed the rule that there is no double jeopardy where the defendant successfully seeks review of his conviction. The court distinguished between those cases in which the defendant seeks a new trial because of errors committed and those in which the defendant claims the right to an acquittal because the evidence was insufficient to convict. (The court noted that Brown had filed a motion for a new trial in the trial court which was denied. On appeal, he sought only an acquittal.) The court cited several cases in which al-

though the basis for the reversal on appeal was the insufficiency of the evidence, nevertheless, the case had been remanded for a new trial. Noting that the Illinois Supreme Court had not yet issued a definitive opinion on the issue, the court, in *dicta*, stated as follows:

"While we are of the opinion that the decision in this case is supported by what we have set forth above, we should like to mention that we fail to comprehend any justification for recognizing a distinction between an appellant who asks for outright reversal with new trial relief (based on trial errors) only as an alternative, and an appellant who does not include such an alternate request in his appeal. *** We can think of no reason in fairness and justice why a defendant on appeal should be required to discard his right to seek a new trial based on trial errors, in order to validate his right to seek an outright reversal for lack of evidence. In any sensible consideration of his position, the former is seen to be a second-choice alternative to the latter. If his double jeopardy rights are deemed to have been waived by his request for a new trial, the waiver should then take effect only if the reversal is granted for the reasons contained in the new trial request, and, if the conviction is reversed for lack of evidence, the waiver contained in an accompanying request for a new trial would never become operative." *Brown*, 99 Ill. App. 2d at 297-98.

Finally, the *Brown* court questioned whether it was appropriate to apply the theory of waiver to this situation, stating:

"Surely, it is a legal fiction to assume, without judicial inquiry, that an appealing defendant has been fully advised by his counsel that (1) while asking for reversal for lack of evidence, he will also, in the alternative, rely on trial errors in order to get a new trial; (2) that the defendant will therefore have to waive his right not to be tried again even though the appeal might turn out to be successful on the first point; and (3) that the defendant has then, in every case, knowingly, intelligently and understandingly waived such right. We can't picture it. Neither can we visualize a true waiver as being present in any part of current appellate procedures." 99 Ill. App. 2d at 298-99.

In *People v. Harvey* (1971), 132 Ill. App. 2d 761, the court held that defendant had waived his right to raise the defense of double jeopardy by requesting and receiving a new trial. The court distinguished *Brown*, stating as follows:

"[T]he [*Brown*] court distinguished the cases where a new trial was granted at defendant's request, and those appeals where

'reversal is granted for the reasons contained in the new trial request, \*\*\*.' In the case before us the defendant asked for and was granted a new trial. This is not the situation contemplated by the *Brown* decision.

There is nothing in the record before us to indicate that the trial judge's reason for allowing a new trial was because of lack of evidence. The defendant's motion for a new trial contained numerous contentions as to why it should be granted. In support of his motion the defendant argued that the new trial had been granted because of insufficient evidence; however, the statement of the trial judge indicated that his decision was made because the defendant had alleged in his written motion that there was not sufficient time allowed for preparation of proper defense, or that some other procedural error had been observed by the judge during his examination of the transcript." 132 Ill. App. 2d at 764.

Finally, in *People v. Woodall* (1974), 21 Ill. App. 3d 807, *aff'd* (1975), 61 Ill. 2d 60, the court rejected the State's argument that defendant had waived his right to claim double jeopardy because he had obtained a new trial on his own motion, stating as follows:

"We agree with the observations contained in the trial court's memorandum that the defendant in the instant case first asked for a judgment notwithstanding the verdict and in the alternative a new trial and therefore he should not be penalized because he did not limit his motion to his first choice which was a demand for complete relief which a judgment notwithstanding the verdict would have given him if a motion for the same had been granted." 21 Ill. App. 3d at 810-11.

We would deem it exalting form over substance to distinguish the case before us from *Woodall* on the basis that although defendant here asked for alternative relief, the request for a new trial was stated first. Moreover, unlike *People v. Harvey*, the trial court here based the decision to grant the new trial on the fact that the State had failed to prove venue which was also the basis upon which defendant sought an acquittal. The court in the case at bar stated:

"I'm granting it based on your motion that you are asking for a new trial based upon the fact that proper venue was not established."

In light of the cases analyzed above and the trial court's own words, we conclude that defendant has not waived his right to raise the defense of double jeopardy by requesting alternative relief in the form of a new trial; neither has he waived the defense of double jeopardy

by failing to preserve it for appeal as we consider it plain error under Supreme Court Rule 615(a).

In light of our decision, it is not necessary to address defendant's contention concerning credit against his fine for pretrial custody.

The judgment of the circuit court is reversed.

Reversed.

UNVERZAGT, P.J., concurs.

JUSTICE NASH, dissenting:

The trial judge granted defendant a new trial, at defendant's request, after defendant's attorney convinced the court that only part of the evidence offered by the State and considered by the jury could be properly applied as evidence of venue. It seems clear to me the trial judge found that, based upon all of the evidence, venue was established if the jury could properly make its decision based on the total evidence presented to it by the State. The judge expressed that he should be able to view all of the evidence in considering the post-trial motion for a new trial, but that there was a good argument on both sides of the issue. The judge stated he was not quite sure whether the jury should have been precluded from considering evidence received for a limited purpose for any other purpose and believed it best to resolve the issue by giving defendant the new trial he requested. The court did not find that the State had failed to prove the venue of the offense and stated, without objection by defendant's counsel, that there was no double jeopardy impediment to a new trial. This trial judge, who has since retired, would find it difficult to understand how his findings have been turned around by the defendant in this case so as to be considered as some kind of an "implied" acquittal of defendant for double jeopardy purposes.

Nor do I agree with the conclusion of the majority that defendant did not waive his present claim of prior jeopardy by failing to raise it below. A claim of error must be first raised in the trial court to preserve it for review. (*People v. Enoch* (1988), 122 Ill. 2d 176, 186, 522 N.E.2d 1124.) Constitutional issues, including the prohibition against double jeopardy, are waived by failure to object in the trial court. (*People v. Scales* (1960), 18 Ill. 2d 283, 164 N.E.2d 76; *People v. Escobar* (1988), 168 Ill. App. 3d 30, 39, 522 N.E.2d 191; *People v. Green* (1984), 125 Ill. App. 3d 734, 744, 466 N.E.2d 630; *People v. Szudy* (1978), 56 Ill. App. 3d 494, 498-99, 371 N.E.2d 1222.) As our supreme court noted in *People v. Scales*:

"The constitutional right to not be put twice in jeopardy for the same offense is a personal privilege which may be waived. [Citation.] The right has been waived where the accused seeks and obtains a new trial, (*People v. Liechron*, 384 Ill. 613,) or where he does not raise the defense of former jeopardy before judgment in the trial court." (18 Ill. 2d at 285-86.)

In the present case, defendant made no objection to the trial court's declaration on granting a new trial that principles of former jeopardy would not bar it. Nor did defendant raise this issue at either the hearing of the State's motion to reconsider the order granting a new trial or at sentencing.

I would apply the standard declared by our supreme court in *People v. Scales,* and the appellate court decisions which follow it, and affirm defendant's conviction.